No. 15.—JAMES D. WILKERSON and others, plaintiffs in error, *vs.* ALLEN BURR, defendant in error.

[1.] The purchaser under a judgment against the vendor or vendee of land like a purchaser from either, by voluntary conveyance, succeeds but to the interest which the debtor had power to encumber or part with—the one being entitled to call for the purchase money, as the representative of the vendor, and the other being entitled to call for a conveyance, as the representative of the vendee.

[2.] The *judgment creditors* of the *vendee* of land, who has paid part of the purchase money, and has possession of the land, but has secured no deed, are entitled to the proceeds of the sale of his title, under an execution, in preference to the vendor.

In Equity, Muscogee Superior Court.   Decision on demurrer, by Judge IVERSON, May Term, 1851.

Allen Burr sold lot No. 271, in the City of Columbus, to James D. Wilkerson, for $400, payable in fourteen quarterly instalments, and gave bond to make titles when the purchase money was paid.   Two of the notes being due, and Wilkerson having removed from the State, Burr sued out an attachment, and had the same levied on the said lot of land.   The lot was sold by the Sheriff, under execution issued on the judgment on said attachment, for $275, which, after paying the judgment, left $167 60, a balance in the hands of the Sheriff, which was claimed by other judgment creditors of Wilkerson.   Burr then filed his bill in Equity, alleging these facts—asserting his lien as vendor, and praying to have the balance in the hands of the Sheriff applied to the balance due for the land.

To this bill the creditors demurred, generally, for want of equity.   The Court overruled the demurrer, and this decision is assigned as error.

W. DOUGHERTY, for plaintiff in error.

JAS. JOHNSON, for defendant in error.

*By the Court.*— LUMPKIN, J. delivering the opinion.

Is there equity in complainant's bill?   Is Burr entitled to have this surplus fund in the hands of the Sheriff applied to the balance of his debt, or have the general judgment creditors of Wilkerson the preference?

[1.] Sometimes the interest of the vendor, and sometimes of the vendee, in land situated as this is, is sold under execution; and we had supposed that a purchaser under a judgment against either, like a purchaser from either by voluntary conveyance, succeeded only to the interest which the debtor had to encumber or part with, and no more nor no less—the purchaser in the one case, whether at public or private sale, being entitled to call for

the balance of the purchase money, as the representative of the vendor; and the other being entitled to call for a conveyance, as the representative of the vendee, upon paying up what was due. It is not the land, but the debtor's interest in it—whether he be vendor or vendee—that is sold, leaving the residue untouched. *Auwarke vs. Mathis,* 19 *Serg. & Rawle,* 402. *McMullen vs. Wenner,* 16 *Serg. & Rawle,* 20.

[2.] If this position be tenable, and we hold that it is, and that it is the simple elementary principle upon which all cases like the present may be reached, the general judgment creditors are unquestionably entitled to the money in dispute.

Indeed, in the first of these Pennsylvania cases, it is expressly ruled, that the *judgment creditors* of the *vendee* of land who has paid part of the purchase money, and has possession of the land, but has received no deed, are entitled to the proceeds of the sale of his title under an execution, in preference to the *vendor*.

True, there was nothing paid in this case, except the amount collected on the judgment for the two first notes which fell due. But the principle is precisely the same, as to the residue.

When Burr caused the land to be sold, had he filed a deed in the Clerk's office, in accordance with the Act of 1847, (*New Digest,* 517,) thereby manifesting his intention to relinquish his title to the property, and to look alone to the proceeds for payment, although his unpaid notes, not being in judgment, would not come strictly within the letter of the Statute, still he would then, at least, have had equity on his side. But, instead of that, he retains the title in his own hands, as he had a right to do under the contract, and parts with nothing but the obligee's bargain—i. e. an interest in proportion to the amount of purchase money actually paid in; leaving the legal estate and so much of the equitable estate as had not been paid for, untouched, in the vendor. Whether Burr, by causing the land to be sold as the property of Wilkerson, is not estopped from denying Wilkerson's title, has not been argued, nor is it involved in the present issue.

Even if this were so, it would give him no claim in Equity to

this fund ; for by retaining the title, the price of the property in market must have been greatly diminished, and thus an injury has been inflicted on the other creditors.

*Shirley vs. Sugar Refinery*, 2 *Ed. Ch. Rep.* 505, and *Barnitz vs. Smith*, 1 *Watts and Serg.* 142, are relied on in the argument by the counsel for the defendant in error.

The first merely sustains the general doctrine, that where the mere personal security of the purchaser has been taken on a sale of land, the rule is, as between vendor and purchaser, to sustain the implied lien, for the unpaid purchase money.

And by reference to Barnitz and Smith, as well as the two cases upon which it was decided, namely : *Stewartson vs. Watts*, (8 *Watts*, 396,) and *Episcopal Academy vs. Hinge*, (2 *Watts*, 16,) it will be perceived, that there are these distinguishing features between them and the case at bar. In all of them *a conveyance was executed ;* and besides, there was an express lien reserved by the terms of sale to the vendor.

In any view of this case, therefore, we do not feel authorized to displace the legal lien, acquired by the general judgment creditors to the balance of the purchase money in the hands of the officer. The very Act of 1847 negatives the existence of any such doctrine as that which is contended for in support of this judgment, and the practice of the Courts throughout the State, both before and since that enactment, is at variance with the equity here attempted to be set up.

Judgment reversed.