Parks vs. Bailey.

No. 28.—RICHARD M. PARKS, plaintiff in error, *vs.* SAMUEL S. BAILEY, defendant in error.

Before land can be levied on and sold, to satisfy a judgment for the purchase money, the obligor in the bond for titles must make and file and have re-corded in the Clerk's office of the Superior Court of the county, a good and sufficient deed of conveyance to the defendant for the land.

In Equity, from Whitfield Superior Court. Decision by Judge TRIPPE, at April Term, 1856.

This was a bill in equity filed by Richard M. Parks against Samuel S. Bailey, for injunction, and to set aside sale, &c.

The bill alleges that Bailey the defendant sold to com plainant a valuable Hotel and lot in the town of Dalton, for

twenty-five hundred dollars; two thousand he paid in cash, and gave his note for the balance, and took Bailey's bond for titles to be executed upon the payment of said note. After the note became due, Bailey instituted suit thereon against complainant and recovered judgment and issued his execution, which without the knowledge of complainant, he had levied upon said property in Dalton, and at the sale thereof, Bailey became the purchaser for the sum of four hundred dollars, being not more than one-sixth of the value of the said house and lot. That said house and lot was levied upon and sold, and bought by defendant without any notice thereof to complainant and without his knowledge, and without any deed or conveyance of the same having been executed to complainant by Bailey, or without recording thereof in the Clerk's office of the Superior Court as required by law. That there still being a balance due on said *fi. fa.*—defendant is proceeding to the collection thereof against complainant. The prayer of the bill is for an injunction, and a cancellation of the Sheriff's deed and sale, and upon the payment by complainant of the balance of said purchase money, that defendant execute titles to said house and lot, &c.

The answer admits that defendant had not executed title to complainant at the time of the levy, but he did so before the sale; denies all fraud, &c.

Upon motion to dissolve the injunction, after the filing of the answer, the Court granted the same, and complainant by his counsel excepted.

UNDERWOOD, for plaintiff in error.

WRIGHT, for defendant in error.

*By the Court.*—LUMPKIN J. delivering the opinion.

One fact alone in this case, is a sufficient reason why the injunction should not have been dissolved. The 3d section

of the Act of 1847, provides, "that when any judgment has been, or shall be rendered in any of the Courts of this State, upon any note or other evidence of debt given for the pur-chase of land, where titles have not been made, but bond for titles given, it shall and may be lawful for the obligor in said bond to make and file and have recorded in the Clerk's office of the Superior Court of the county, a good and suffi-cient deed of conveyance to the defendant for said land; and thereupon the same may be levied on and sold under said judgment as in other cases; *provided*, That the said judg-ment shall take lien upon the land prior to any other judg-ment or encumbrance against the defendant." (*Cobb* 517, 518.)

The answer admits that the levy was made before the con-veyance to the defendant was executed, much less recorded; and such being the fact, and Bailey himself having become the purchaser, the sale is illegal and void.

And we are not disposed to weaken by construction this salutary law. By having the deed to the defendant made and *recorded* before the levy could be made, thirty days at least must elapse before a sale could be effected; and thus purchasers would be inspired with confidence to bid for the property, from the publicity given to the fact, that the title was in the defendant.

The Legislature in 1850, passed a similar law in behalf of the representatives of deceased obligees, evincing a settled purpose and policy on their part, in relation to this subject.

Judgment reversed.