McGregor and Matthis *vs.* Matthis and Shelton.

S. D. McGREGOR and J. H. MATTHIS, assignees of *fi. fa.,*
plaintiffs in error, *vs.* E. W. MATTHIS, defendant in *fi. fa.,*
and MARTIN SHELTON, claimant, defendants in error.

1. C. sold to S. a lot of land, and took a negotiable promissory note for
the purchase money, giving to S. his bond for titles.　C. sold the note
for a valuable consideration, and without recourse on himself, to F.
and L.　After the transfer of the note, a judgment was rendered
against C., which was levied on the land :　*Held,* That the land was
not subject to the lien of the judgment.

*Fi. fa.* and claim, in Paulding Superior Court, and decision
by Judge HAMMOND, at the February Term, 1861.

The facts of this case are as follows, to-wit :

On the 6th day of March, 1858, Crumpton, one of the
defendants in *fi. fa.,* sold the land levied on, to-wit: lot No.
1287, in the third district of the third section, to the claim-
ant, Shelton, and took Shelton's negotiable promissory note
for the purchase money, ($600 00,) to become due the 25th
December, 1858, and executed to Shelton his bond for titles.
On the 14th of May, 1858, Crumpton sold the note .to Eli-
jah M. Field and Smith Lemon for a valuable consideration,
and without recourse or liability over against himself.　On
the 21st of May, 1858, the judgment under which the land
was levied on was rendered, and on the 27th of July, 1858,
Crumpton executed a deed to Shelton for the land, and took
up his bond, and after that time Shelton paid off the note in
full.　Shelton was a co-surety, with the assignees of the
*fi. fa.,* on the original notes, which were the foundation of
the judgment and *fi. fa.* levied, and that judgment was ren-
dered against the assignees as well as the other defendants,
and that the assignees paid off the judgment, took control of
the same, and had it levied on the land.

Upon this state of facts, agreed to by the counsel of the
parties, the presiding Judge decided that the land was not
subject to the lien of the judgment, and that decision is the
error alleged.

GEO. N. LESTER, for plaintiffs in error.

W. W. & H. F. MERRELL, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

From the time that Crumpton transferred the note to Field and Lemon, he ceased to have any interest in the land, (Tompkins vs. Williams, 19th Ga. Reports, 569,) and the deed being executed to Shelton afterwards, can make no difference. In the case of Ware against Jackson, (19th Georgia Reports, 452,) one of the Court who gave the majority opinion in that case, said, " Had the note been transferred by Baker, (the vendor,) for a valuable consideration, to a *bona fide* holder, the case would have been different." Indeed, in the case supposed, the Court would doubtless have been concurrent. That is this case.

Let the judgment be affirmed.