JOHN A. CORBALLY, plaintiff in error, *vs.* ALICE J. HUGHES, defendant in error.

1. Where a vendor, retaining the legal title, gave to the vendee a bond for title and took her notes for the purchase money of the land, and before the notes fell due and the money was paid, a judgment was obtained against the vendor and the land levied upon, and the ven-

dor was notified thereof but failed to relieve the land from the levy and incumbrance of the judgment, and the property was sold, and the vendee, to protect her possession, was forced to buy the title of the the purchaser at the sheriff's sale, and the vendor was insolvent:

*Held*, that the vendee may set up by equitable plea the partial failure of consideration in defense of the notes, and that a verdict for the balance due, after deducting from the notes the amount necessarily expended by her to make good her possession, will be upheld.

2. The defense to the notes of the partial failure of consideration or recoupment is good, notwithstanding the fact that the vendor had the notes exempted as personalty—there being no homestead set apart in the land.

Vendor and purchaser: Sales. Levy and sale. Promissory notes. Homestead. · Before Judge CRAWFORD. Muscogee Superior Court. May Term, 1877.

Reported in the opinion.

JOSEPH H. POU, for plaintiff in error.

R. J. MOSES, for defendant.

JACKSON, Judge.

The plaintiff sued the defendant on five promissory notes, each for two hundred dollars. The defendant pleaded that the notes were given for a lot of land in Columbus, and that plaintiff had executed a bond to make title thereto payable to her; that before the notes matured a judgment was rendered for $500 against Corbally and levied on the land; that notice was given to plaintiff thereof, with offer to pay the notes if he would remove the incumbrance and give her a good title; that this was refused, the property was sold and she was forced to pay eight hundred dollars to the purchaser; that she was willing to pay the balance, but prayed to be allowed to set off the $800.00. Several equitable pleas to this effect were put in and demurred to, and the demurrer was overruled. The evidence on the hearing sustained substantially the pleas, and the court charged the jury that

though the bond for title under which Hughes took possession was prior to the judgment, the judgment had a lien upon the premises as the property of Corbally, and that Alice Hughes could set off what she had to pay to remove the incumbrance of that judgment; that to that extent the consideration of the notes had failed, and she could set it up and have the deduction made.

It appeared also in evidence that prior to the levy and sale of the premises sold, the notes given were set aside as exempted personalty to Corbally, and the court was requested to charge that if this was so, and if Alice Hughes and the purchaser at the sale had notice thereof, that the sale was void and no deduction could be made, or set off allowed, on account thereof and of her purchase of the title. This charge the court refused, but charged the contrary thereof. The jury allowed the set-off or failure of consideration, and found only two hundred dollars and interest for the plaintiff. To the overruling the demurrer to the pleas, and to these charges and refusals to charge, plaintiff excepted. and when analyzed the case presents two points for our adjudication.

1. First, where a vendor, retaining the legal title, gives to vendee a bond for title, and takes her notes for the purchase money, and before the money is paid or the notes fall due, a judgment is obtained against the vendor and levied on the property, and he is notified thereof but fails to interfere, and the property is sold and the vendee forced to buy off the title at sheriff's sale, and the vendor is insolvent, can the vendee set off equitably what she has been forced to pay against the notes, or plead it in part failure of consideration?

The question seems to turn on this other question, did the judgment have a lien upon the land in the possession of the vendee, the legal title being still in the vendor?

The lien of a judgment attaches to all the property of the defendant. The defendant still had and held the title to this property, and had only given a bond to make title to Mrs. Hughes when the notes were paid. The notes not only were not paid, but were not due when the judgment

lien attached, and under it the land could be sold to satisfy the judgment debt.  Such would seem to be principle, if applied logically to the actual trade made, and facts of this case.  And so it was held by the majority of this court in 19 *Ga.*, 452.  In that case, Baker sold the land to Iverson, in January, 1845, and gave bond for title as here; on the 10th of November, 1846, Ware recovered judgment against Baker; on 7th March, 1848, Baker made a deed to Iverson, the purchase money being paid, and Iverson then sold to Jackson.  The court ruled that the land was subject, reversing the court below.

If that be law, this judgment against Corbally could sell this land, and the consideration of these notes failed to the extent that Mrs. Hughes had to pay the purchaser at sheriff's sale, to keep possession of the land.

Corbally was notified of the judgment and levy, and he should have defended the possession of the land he had contracted to Mrs. Hughes, and failing to do so, she was compelled to buy off the title of the purchaser, and he ought, in equity and good conscience, to reimburse her.

That the failure of title is a good defense to the payment of the notes when bond is given, as in this case, and can be set up at law, see 51 *Ga.*, 398.  On the controlling principle ruled in 19 *Ga.*, 452, and affirmed here, see 10 *Ga.*, 117, 148, 157.

2.  But the second question made by this record, remains to be considered.  Did the homestead of Corbally, in the notes, affect the lien of the judgment on the land?  There was no homestead on the land, but only in the notes for the purchase money; that is, the title in the notes was in Corbally, for the use of his family, instead of Corbally for himself.  How that change gave the notes any lien upon the land which they did not have before, we cannot see; nor can we see how it divested the lien of the judgment, if the judgment had a lien.  The exemption of the notes from levy and sale did not affect the land, so far as we can see, nor render its sale void.

Nor did it sanctify the notes, so as to purge them of all valid defenses thereto. It vested the title to them in a dif ferent party, or the same party for different uses; but if the consideration of the notes had been immoral, or illegal, or void, or had partially failed, we cannot see why such de fense thereto cannot be made.

So that it seems to us that the court below was right on both points, and the judgment is affirmed.