## NEAL *vs.* MURPHEY & COMPANY.

The vendor of land having given bond for titles, received a part of the purchase money, and taken a negotiable note for the balance, and having transferred the note (as may be presumed for value, and without indorsement or guaranty,) and the holder of the note having obtained judgment thereon, and caused the same to be levied upon the land, and a claim having been interposed by a third person, who purchased from the defendant, whether the land is subject or not without a deed having been made by the first vendor and delivered, or filed and recorded under section 3654 of the Code, depends upon whether or not the defendant's title passed to the claimant before the judgment was rendered. When the note was transferred (if without indorsement or guaranty), the defendant's equity in the land became complete as against his vendor, and if the plaintiff in the judgment is satisfied to treat the debt as upon the footing of any other debt against the defendant, with no preference or priority other than that which belongs to an ordinary judgment lien, he is at liberty to do so. Whether he could claim a better standing for his judgment, by having a deed from the vendor, or his representative, filed and recorded, is not now in question.

Judgments. Levy and sale. Lien. Bond for titles. Vendor and purchaser. Before Judge HALL. Pike Superior Court. April Adjourned Term, 1877.

An execution in favor of Neal against one Parker was levied upon certain land as the property of the defendant, to which a claim was interposed by Murphey & Co. Upon the trial of the issue thus formed, the state of facts appeared which is set forth in the head-note. Whereupon claimants moved that the levy be dismissed because the debt on which the *fi. fa.* was founded was for the purchase money of the land levied on, and the vendor had filed no deed as required by the statute. It was so ordered and plaintiff excepted.

JOHN J. REDDING; J. A. HUNT, for plaintiff in error.

B. M. TURNER; A. D. MURPHEY; J. S. BOYNTON, for defendants.

BLECKLEY, Judge.

For aught that appears, the plaintiff in the judgment was satisfied to treat the debt as upon the footing of any other debt against the defendant, with no preference or priority other than that which belongs to an ordinary judgment lien. Surely he is at liberty to occupy this low position. Whether he could obtain a better standing for his judgment by having a deed from the vendor, or his representative, filed and recorded, is not now in question. If the note was transferred without indorsement or guaranty, the defendant's equity in the land became complete as against his vendor. 19 *Ga.*, 470 ; 32 *Ib.*, 417. The result would be that the land would be subject to levy and sale, at the instance of any creditor other than the vendor, without any conveyance. 3 *Kelly*, 5. Whether the lien of the judgment overrides the claimants' title derived from the defendant in *fi. fa.*, depends upon their respective dates.

Cited for plaintiff in error : Code, §3586 ; 10 *Ga.*, 117 ; 25 *Ib.*, 42 ; 38 *Ib.*, 191 ; Code, §3654 ; 32 *Ga.*, 417, 671 ; 19 *Ib.*, 457 ; Code, §3092.

Cited for defendant in error : Code, §3654 ; 22 *Ga.*, 116 ; 40 *Ib.*, 259 ; 47 *Ib.*, 215 ; 48 *Ib.*, 394 ; 53 *Ib.*, 621.

Judgment reversed.