HARDEE vs. McMichael, administratrix.

1. Where land was sold, a part of the purchase money paid, a bond for title given, and a note of the purchaser held for the balance, the title remaining in the vendor was subject to levy and sale under a *fi. fa.* against him. The purchaser would obtain only such interest as the vendor retained, and be subrogated to his rights.

2. The evidence as to the statute of limitations was not such as to require a verdict for the claimant.

Vendor and Purchaser. Liens. Levy and Sale. Title. Before Judge FLEMING. Randolph Superior Court. May Term, 1881.

Reported in the decision.

C. B. WOOTEN; KENNON & HOOD, for plaintiff in error.

GUERRY & PARKS; L. C. HOYL; L. S. CHASTAIN; W. C. WORRILL, for defendant.

SPEER, Justice.

This was a claim case arising from the levy of a *fi. fa.* in favor of John L. Hardee vs. T. J. Brown, defendant in *fi. fa.*, on a certain tract of land lying in Randolph county, to which T. J. McMichael interposed a claim.

On the trial of the cause, it appeared that the judgment on which the *fi. fa.* issued bore date in favor of the plaintiff against the defendant on the 16th day of November, 1869; that the *fi. fa.* thereon issued 22d November, 1869, and was levied on the land in controversy on the 7th May, 1873. The testimony on the trial showed that the claimant had purchased the land of the defendant in *fi. fa.* either in 1868 or 1869; that he purchased it in two payments, one-half cash and the other half at twelve months; that on making the cash payment he received a bond for titles from the defendant in *fi. fa.*, and when he received

a deed to the land, in December, 1869, he paid the amount due on his note, being the second payment.

The two material questions in the case are,

(1.) Whether the court erred in his charge when he instructed the jury, " that if claimant was in possession of said land under a bond for titles, and had paid a part of the purchase money, and given his note for the balance, before the rendition of plaintiff's judgment, then claimant had a perfect equity and the land is not subject to said judgment, though the payment of the purchase money was not completed until after the rendition of the said judgment."

(2.) Was the title of claimant protected by the statute of limitation of four years under actual possession as a *bona fide* purchaser?

1. As to whether a vendor, who sells land and executes a bond for title to his vendee, receiving part of the purchase money, has such an interest left in the land sold as to be the subject matter of levy and sale against him, is a question upon which the authorities in other states are by no means harmonious. This court has ruled, that where a vendor sells land, and gives bond for titles, and the notes given for the purchase money are transferred without endorsement or guaranty, the vendor has no such interest left in the land sold to which a lien of a judgment rendered after the sale would attach. 60 *Ga.*, 388.

In the case of *B. S. Ware vs. L. Jackson*, 19 *Ga.*, 452, a majority of the court held, Judge McDonald delivering the opinion, first, that a judgment is a lien on all the property of the defendant from its date ; second, "if there is a good subsisting legal title in the defendant at the time of the judgment, the property is bound."

Here the evidence clearly establishes the fact, as proved by the claimant, that the legal title was in the vendor, Brown, at the time this judgment was rendered, for the claimant received his deed in December, 1869, when the judgment was rendered in November, 1869. We do not wish to be understood as determining that the whole of

this land (were this the only defence) would be subject to this *fi. fa.* The purchaser, under a judgment against a vendor, like a purchaser from him by voluntary conveyance, succeeds only to the interest which the debtor had power to control or part with. He would only succeed to the right to call for the purchase money, due (as the representative of the vendor) at the time the lien attached. The amount of the purchase money due to the defendant, Brown, at the date of the judgment, would be the extent of the interest in the land the purchaser would hold under such a sale. 10 *Ga.*, 117. We think the principle here ruled is also recognized in 49 *Ga.*, 60; 60 *Ib.*, 388; 55 *Ib.*, 348; Code, §3586.

2. But it is insisted by counsel for defendant in error, that even if there was error in the charge as excepted to, still, under the evidence of four years' continuous possession of the land by the claimant as a *bona fide* purchaser before the levy, his title is protected. We do not say, even in the conflict of evidence on this point, there was not sufficient in favor of the claimant's title to sustain this verdict, still, the charge of the court, under his view of the law, left the jury no discretion as to their verdict, and made it unnecessary for them to consider this branch of the claimant's defence.

The court instructed the jury, " if claimant was in possession of the land under bond for titles, and had paid part of the purchase money, and given his note for the balance before the rendition of plaintiff's judgment, then claimant had a perfect equity, and the land was not subject to the judgment, though the payment of the purchase money was not completed until after the rendition of the judgment." This, in our opinion, was such error as requires a new trial.

Let the judgment below be reversed.