## BELL *vs.* McDuffie.

1. While no prescribed form is essential to the validity of a deed to land, yet the instrument must be sufficient in itself to show that the intention of the parties was to convey the land.

(*a.*) An instrument in the following terms was not a deed, but a contract to convey, in the nature of a bond for title:

" Received of Captain G. A. Cooper sixty-three dollars in part payment of lot fronting on Simpson street, and running back, . . . The balance is one hundred and twelve dollars, to be paid, commencing January 23, '75, in monthly installments, as may be agreed in drinks approximating ten dollars." (This was signed in presence of witnesses, one of whom was a justice of the peace. Under it the following appeared, also signed): " By agreement, if Captain Cooper should fail to meet the terms of the agreement, the property reverts to Elyea, the maker, or heirs, on returning money and legal interest from the date of payments."

2. Where land had been sold, a part of the purchase money paid, a bond for titles given, and a note of the purchaser held for the balance, the title remaining in the vendor when a judgment against him was recovered was subject to levy and sale under the *fi. fa.* issued thereon.

(*a.*) *Semble*, that the purchaser under the levy would acquire just so much interest as the defendant in execution had at the date of the judgment. Not decided, because the question is not before the court.

February 2, 1884.

Deeds. Title. Contracts. Judgments. Liens. Vendor and Purchaser. Before Judge HAMMOND. Fulton Superior Court. April Term, 1883.

A *fi. fa.* in favor of McDuffie against T. M. Elyea was levied on a lot which was claimed by Bell. The claimant relied upon the instrument made by Elyea to Cooper, which is set out in the decision, and which was dated October 2, 1874, while the judgment of plaintiff was rendered October 9. Payments were made under this instrument at various times thereafter, and a deed was made December 23, 1874.

The jury found the property subject. Claimant moved for a new trial, on the following among other grounds:

(1.) Because the court ruled that the paper from Elyea to Cooper was not a deed, but a bond for titles.

(2.) Because the court charged as follows: "·That if they (the jury). believed from the evidence that all the purchase money named in the bond for titles introduced in evidence had not been paid to the defendant in the *fi. fa.* at the date of the judgment against him, the jury should find the property levied upon subject to the said *fi. fa.*"

(3.) Because the verdict was contrary to law and evidence.

The motion was overruled, and claimant excepted.

CANDLER, THOMSON & CANDLER, for plaintiff in error.

COLLIER & COLLIER, for defendant.

HALL, Justice.

This record makes two questions to be determined by this court. It is insisted that the judge erred in charging the jury that an instrument in these terms—"Received of Captain G. A. Cooper sixty-three dollars in part payment of lot fronting on Simpson street, and running back, etc. The balance is one hundred and twelve dollars, to be paid, commencing January 23, '75, in monthly installments, as may be agreed in drinks approximating ten dollars," and signed Theo. M. Elyea in presence of witnesses, one of whom was a justice of the peace, dated October 27, 1874; immediately under it the following appears, also signed by said Elyea: "By agreement, if Captain Cooper should fail to meet the terms of the agreement, the property reverts to Elyea or heirs, on returning money and legal interest from date of payments"—was not a deed "under which title to the land therein described passed between the parties, but in law was only a bond for titles," and that if they believed from the evidence that the land named in the bond for titles introduced in evidence had

not been paid to the defendant in the *fi. fa.* at the date of the judgment against him, they should find the property levied on subject to the *fi. fa.*

The *fi. fa.* levied on these premises issued upon a judgment obtained by McDuffie against Elyea, only four days after this instrument was executed, which seems to have been levied before this paper, or a deed subsequently made in pursuance of this contract by Elyea and his wife to Cooper, had been put upon record.

1. While it is true that no prescribed form is essential to the validity of a deed to land, yet the instrument must be sufficient in itself to show that the intention of the parties was to convey the land. Code, §2692; 32 *Ga.*, 170. Taken as a whole, the very reverse of such an intention is apparent from this paper. The title was retained doubtless as a security for the portion of the purchase money that remained unpaid. If failure was made in the payment, then the contract was to be at an end, and the vendor was to return to the vendee such portion of the purchase money as he had received, with interest from the time of payments; the title was not to pass until the purchase money had been fully paid. The judge of the superior court did not err in holding the writing to be an agreement to sell, and not a conveyance, as was evidently his meaning in instructing the jury that it was not a deed, but a bond for titles, which form of expression is only a usual and customary mode of distinguishing a contract to convey from a deed, and which would be more easily comprehended by the jury than if he had spoken with technical accuracy and propriety.

2. The defendant in this execution had the title to and property in this land at the date of the judgment, which it bound, and upon which it was a lien until it was satisfied. Code, §3582. This court in *Hardee vs. McMichael*, 68 *Ga.*, 678, upon a careful review of its prior decisions upon this question, held that where land was sold, a part of the purchase money paid, a bond for titles

given, and a note of the purchaser held for the balance, the title remaining in the vendor was subject to levy and sale under a *fi. fa.* against him. This case also seems to determine the extent of the interest the purchaser under this levy would acquire, namely, just so much as the defendant in execution had at the time the judgment was rendered. But as there was no issue made or tried as to this question in the present case, it may be doubtful if we are authorized to pass upon it. 68 *Ga.*, 817. When it is presented, if ever, in a proper form, it will be our duty to determine it. We will not anticipate that it will be incorrectly decided when it arises and is presented for adjudication. The verdict is not only sustained, but required by the evidence in this case, and there was no error in refusing to grant a new trial.

Judgment affirmed.