SMITH *et al. vs.* JENNINGS.

74  551|
d95    77|
74  551|
114  658|

1. Where one borrowed money from bank, purchased land therewith, sold the same, giving bond for titles and taking the note of his vendee payable to his order, and subsequently deposited with the bank, as collateral security for his debt, this note (without endorsement) and the deed which he had taken to himself, the bank stood in the position of a purchaser of the note, and its equity to hold the land subject for the loan was superior to the lien of any judgment rendered against its debtor after the deposit of the note and deed as collateral.

2. It makes no difference whether the subsequent judgment creditor had notice of this equity or not. His lien did not attach until the rendition of the judgment, and at that time the equitable title to the note and deed was in the bank, although the dry legal title remained in the debtor until, by subsequent decree, it was vested in the bank.

February 24, 1885.

Title. Promissory Notes. Collateral Security. Levy and Sale. Equity. Before Judge HUTCHINS. Clarke Superior Court. May Term; 1885.

Reported in the decision.

L. & H. COBB; A. J. COBB, for plaintiffs in error.

H. H. CARLTON; JAMES R. LYLE; E. C. KENNEBREW; JOHN C. REED, for defendant.

JACKSON, Chief Justice.

Thomas Smith brought his bill in Clarke Superior court against the National Bank of Athens, Sarah F. Jennings and Henry Jennings, alleging and proving as follows:

That on January 2d, 1875, one Jefferson Jennings borrowed from the National Bank of Athens eight hundred dollars, and purchased therewith a tract of land from one J. B Langford, and on the same day received a deed to said land from Langford; that on the same day, January 2, 1875, said Jefferson sold said land to one C. W. Rey-

nolds, taking the note of Reynolds for eight hundred and eighty dollars, giving to said Reynolds a bond for titles ; that in a few days thereafter, said Jefferson deposited with said bank the note of C. W. Reynolds as collateral security for the loan first mentioned, and also deposited the deed of Langford, with the parol agreement that he or Reynolds would make any deeds or papers that were necessary to protect the bank. The note of Reynolds was payable to Jennings or order, and was transferred without endorsement or guaranty.

On October 11th, 1879, Susan M. Reynolds, the wife of C. W. Reynolds, brought her bill in Clarke superior court against Jefferson Jennings, the National Bank of Athens, J. B. Langford and C. W. Reynolds, alleging that said Jennings, as executor of her father, had invested certain money belonging to her in the land bought from Langford, and praying a cancellation of the deed of Langford to Jennings, and of the bond of Jennings to her husband, and that the title be vested in her, and that the bank be required to deliver up said papers. To this bill, Jennings and the bank answered, setting up substantially what is above set forth as to the Langford land.

On this bill and the answers thereto, a verdict and decree were rendered, vesting the title to said land in the National Bank of Athens, as of the second day of January, 1875, and requiring said bank to sell said land, and credit the net proceeds of such sale upon the indebtedness of said Jennings above referred to. This verdict and decree were rendered during the May term, 1882, of Clarke superior court.

On the first day of January, 1883, said National Bank of Athens sold said land to Thomas Smith for nine hundred dollars, payable one-third cash and one-third in one and two years, and gave said Smith a bond for titles to the same.

On August 13th, 1877, Hampton, as executor of Crawford, obtained a judgment against Jefferson Jennings, as

principal, and Henry Jennings, as security. On March 7th, 1881, Henry Jennings, the security, having paid the balance then due to Hampton on said *fi. fa.*, had it transferred to himself, and on the 10th of December, 1881, transferred it to his wife, Sarah F. Jennings. In January, 1883, this *fi. fa.* was levied on the land bought by Smith from the bank.

The prayer of the present bill is, that the National Bank should come in and defend the title it gave complainant, enjoining Sarah F. Jennings until the hearing. The bank answered, setting up the foregoing facts set up in the foregoing recitals. Sarah F. and her husband answered that they had no notice. The jury found for Sarah Jennings, and a motion was made for a new trial, on the ground that this verdict was contrary to law on the facts, and that the court erred in charging that, " where land is sold, and a bond for titles is given to the vendee, and a negotiable note is taken for the purchase money, and such purchase money note is transferred by the vendor for value and without recourse, the vendor ceases to have any interest in the land, that is subject to levy and sale. The note of Reynolds to Jennings, in this case, is negotiable only by endorsement, and the note was not endorsed, but merely delivered to the National Bank of Athens as collateral security. The bank occupied no better position as to said land than Jefferson Jennings did, and as Jefferson Jennings never endorsed the note without recourse, and never realized anything on the note, the title to the note and the land being still in him, the land was subject to sale at the instance of the judgment creditors. I further charge you that the holder of a note, as collateral security, is not such a purchaser for value as is contemplated by the law above charged."

The motion was overruled, and the bank and Smith excepted.

1. By the law of this state, the holder of a promissory note as collateral security for the payment of a debt, stands

upon the same footing as a purchaser. Code, §2788. Although this note, in the case at bar, was negotiable only by endorsement, so as to pass the legal title, yet the equitable interest or title therein was in the bank, and it could hold it against Jefferson Jennings until the debt was paid; moreover, it could collect it out of the maker by suing in the payee's name for its use. The consideration being purchase money for land, and the deed to the land being also deposited with the bank to secure its debt for money loaned to make the purchase, its equity to hold the land for payment of that loan is superior to the lien of any judgment rendered after that equity attached by the deposit of the note and deed as collateral security.

2. Nor does it make any difference whether the judgment creditor had notice or not of this equity. The lien of his judgment never attached to any property of defendant until it was rendered, and when it was rendered, the note and deed no longer belonged to defendant, but to the bank, to secure defendant's purchase money debt to it— that is, it belonged, in equity, to the bank for the payment of that borrowed money which had enabled Jefferson Jennings to buy the land, though the mere dry legal title remained in Jennings until the decree in Reynolds *vs.* Jefferson Jennings, this bank *et al.*, vested that title in the bank, and it sold to Smith.

We are, therefore, quite clear that the charge of the court excepted to is wrong, the verdict and decree consequent thereto wrong, and, therefore, a new trial must be granted.

Judgment reversed.