LEITCH & STUBBS *v.* MAY.

VILLA RICA LUMBER COMPANY *v.* MAY.

The owner of land sold it partly for cash, and took promissory notes payable monthly for the balance of the purchase money, and gave to the vendee a bond for titles. After collecting a portion of the purchase money notes, the vendor endorsed and transferred the others to another, at the same time delivering to the latter as an escrow a deed conveying the property to the vendee, to be deliverd to him upon payment of the balance of the purchase money, which deed was, however, delivered to the vendee before the payments were completed. A judgment was rendered against the vendor after the first but before the second delivery of the escrow, and an execution issued upon this judgment was levied upon the land as the property of the vendor and a claim filed by the transferee of the notes, to whom the vendee had conveyed after receiving the escrow deed. It appeared that the defendant in excution was insolvent, and also that it was not in the least degree probable that he would ever be held liable upon his indorsement of the transferred notes, the vendee having paid them promptly as they matured, thus reducing the indebtedness to a small proportion of its original amount. *Held*, that though the delivery of the escrow deed may have been unauthorized, and irrespective of the question as to when it should be regarded as taking effect, the vendor under the facts recited had no leviable interest in the land. Inasmuch as the purchaser at sheriff's sale would acquire only such interest as the vendor had in the premises, and as that interest was too vague, uncertain and contingent to become the subject-matter of sale and purchase, the judge who tried the case without the intervention of a jury was right in adjudging generally that the land was not subject to the execution.

July 20, 1896. By two Justices.

Levies and claims.   Before Judge Lumpkin.   Fulton superior court.   September term, 1895.

*C. D. Maddox,* for plaintiffs.

*Rosser & Carter,* contra.

Simmons, Chief Justice.

Executions in favor of Leitch & Stubbs against Austin & Boylston and others, based on judgments of March 27, 1893, were on February 12, 1894, levied on certain realty as the property of Austin, one of the defendants in execution. The property was claimed by Mrs. May. The issues of law and fact were by agreement submitted to the judge below without a jury, and he held that the property was not subject; to which ruling the plaintiffs excepted.

The cause was submitted upon evidence to the following effect: On March 15, 1888, Austin, who was then owner in fee simple of the land levied upon, sold the land to Williams for $4,814 and gave Williams a bond for titles in the usual form to make a deed when the purchase money of the land was paid. Of the purchase money $50 was paid at the time of the sale, and for the deferred payments Williams gave his 96 promissory notes for $50 each, except the last which was for $14, payable to Austin or order, one on the 15th day of each month until all should be paid. When Williams purchased the property he went into possession and has been in possession, by himself or tenant, ever since. He paid each of the notes as they fell due prior to September 19, 1888, on which day Austin endorsed in blank all of the notes then unpaid, and sold them for a valuable consideration to Mrs. May. Since that time Austin has not had possession of the notes and has had no right or title therein, except such as the law gave him as endorser. Upon the sale and delivery of the notes to Mrs. May, Austin delivered to her a deed in escrow, with the verbal contract between himself and her that she should hold the deed in escrow until the payment of the notes, and then deliver it to

Williams, or in case of default in the payment of the notes, file and record the deed in the process of collecting the notes as provided by law. Since the delivery of the deed to Mrs. May, Austin has not had possession of it. On December 26, 1893, Mrs. May delivered to Williams the deed in question, Williams having paid all purchase money notes due prior to that date, and on the same day he filed the deed for record and it was properly recorded. Contemporaneously with the delivery of the deed to Williams, he executed and delivered to Mrs. May a warranty deed to the same property, to secure such of the purchase money notes as were not yet due and an additional sum advanced to him by her. At the time of the trial all but six of the notes had been paid. Austin was then insolvent, and had been so continuously since soon after the delivery by him to Mrs. May of the deed in escrow.

When land is sold and a bond for title given by the vendor, and a promissory note of the purchaser is held by him for an unpaid balance of the purchase money, the title remaining in the vendor is subject to levy and sale under an execution against him; but the purchaser at the sale under the execution would obtain only such interest as the vendor retained, and be subrogated to his rights. He would succeed only to the right to call for the purchase money due him at the time the lien attached. *Hardee* v. *McMichael*, 68 *Ga.* 678, and cases cited; *Parrott* v. *Baker*, 82 *Ga.* 368. In the present case Austin, the vendor of the land, had sold and transferred all of the unpaid purchase money notes before the judgment in question was rendered; so that nothing whatever was due him upon the land. Mrs. May, the purchaser of the notes, was substituted in his place as creditor; and if the legal title was still in him, the only right he had in the property was the conditional right to resort to it for the purpose of reimbursing himself if as endorser he should be called upon to respond to the holder of the notes in the event of non-payment by the maker; a

contingency which had not arisen, and was not at all likely to arise, since all but a small proportion of the debt had been paid, and that amount could readily be made out of the land, if necessary, and the vendor himself was insolvent. It is clear that such an interest as this is too vague, uncertain and contingent to be the subject-matter of levy and sale. Irrespective, therefore, of the question as to when the escrow deed should be regarded as taking effect, the court below was right in adjudging that the land was not subject to the execution.          *Judgment affirmed.*