## GEORGIA STATE BUILDING AND LOAN ASSOCIATION *v.* FAISON.

1. Possession of land is notice to the world of whatever right the occupant has in the land.
2. Where an owner of land made to another a bond for titles, and the obligee in the bond paid part of the purchase-money, gave his notes for the balance, and went into possession; and where the vendor subsequently, while the obligee was still in possession, transferred to a third person by indorsement and for value all of the purchase-money notes remaining unpaid, and thereafter executed and delivered to another person a deed to the land, the grantee in such deed was chargeable with notice of the equity of the obligee in the land, and acquired against him no greater right than the vendor had at the date of the deed; and as the vendor had at that date no right to collect the purchase-money notes, which had been lawfully transferred to another person, such grantee did not acquire the right to collect any of the unpaid purchase-money notes, as against the transferee of the same; and therefore payment by the obligee to the holder of such notes of the balance of the purchase-money gave to him a complete equity in the land, both as against the vendor and the grantee in the deed from him.

Argued January 11,—Decided February 5, 1902.

Complaint for land. Before W. E. Kay, judge pro hac vice. Glynn superior court. January 7, 1901.

*Saussy & Saussy* and *D. W. Krauss,* for plaintiff, cited: Civil Code, §§ 3684, 3931; 21 *Ga.* 504; 82 *Ga.* 364, 368; 103 *Ga.* 159.

*W. G. Brantley, A. D. Gale,* and *Owens Johnson,* for defendant, cited: Civil Code, §§ 3588, 3684, 3933, 3157, 3159, par. 1; 19 *Ga.* 337; 48 *Ga.* 585; 53 *Ga.* 581; 61 *Ga.* 608; 68 *Ga.* 594; 100 *Ga.* 765; 103 *Ga.* 159; 10 *Ga.* 177; 19 *Ga.* 570 (5, 6), 572; Id. 452; 32 *Ga.* 417; 68 *Ga.* 678; 98 *Ga.* 716; 102 *Ga.* 583.

COBB, J. The Georgia State Building and Loan Association of Savannah brought against Faison an action to recover possession of a described parcel of land. At the trial the following facts appeared: Branham, Brown & Owens were the common grantors of both plain-

tiff and defendant. The plaintiff derived title as follows : A conveyance by Brown & Owens to Branham of their two-thirds interest in the property, dated January 5, 1891; a conveyance by Branham to plaintiff dated January 6, 1892, and recorded January 13, 1892, the same being a deed made for the purpose of securing a debt; and a conveyance from the sheriff to plaintiff dated January —, 1896, and recorded January 24, 1896. The latter deed was made in pursuance of a sale had under an execution in favor of plaintiff against Branham, which was founded upon a judgment rendered on the debt secured by the deed from Branham to the plaintiff, and the sheriff's sale was had after a proper reconveyance and levy. The title of the defendant rested upon the following state of facts : The defendant purchased of Branham, Brown & Owens the property in dispute, and received from them a bond for titles dated May 16, 1890. He paid a portion of the purchase-money, and gave his notes for the balance, and went into possession of the premises described in the bond for titles on the day that the bond bears date, and has been continuously in possession up to the time of trial. The purchase-money notes given by the defendant consisted of four notes for $10 each, payable monthly from June to September, 1890, and thirty-six notes for $15 each, payable on the 16th day of each month from October 16, 1890, until all were paid. The firm of Branham, Brown & Owens dissolved, and upon the dissolution the notes due by the defendant to the firm remaining unpaid at that time were assigned to Branham, and he discounted them at a bank. The notes so discounted were indorsed "Branham, Brown & Owens" and "William S. Branham." All of the notes thus transferred to the bank were paid to it by the defendant. Twenty of the notes for $15 each became due and were paid after the date of the record of the deed from Branham to the plaintiff, and no part of such notes has ever been paid to the plaintiff. Upon this state of facts the court directed the jury to return a verdict in favor of the defendant, and this judgment of the court is assigned as error.

When land is sold and a portion of the purchase-money is paid by the vendee, and the vendor delivers to the vendee a bond conditioned to make titles upon the payment of the balance of the purchase-money, both the vendor and the vendee have a beneficial interest in the land, and each may sell or assign his interest, and the interest of either will pass to the purchaser at a sale had under

an execution issued against the vendor or the vendee, as the case may be. But whether the sale be a judicial sale or a private sale, " it is not the land but the debtor's interest in it, whether he be vendor or vendee, that is sold, leaving the residue untouched." *Wilkerson* v. *Burr*, 10 *Ga.* 117. The purchaser of the interest of the vendor, whether at private or public sale, is entitled to call for the balance of the purchase-money as the representative of the vendor, and the purchaser of the interest of the vendee is entitled to call for a conveyance as the representative of the vendee, upon paying the balance due upon the purchase-money. In determining what interest in the land the purchaser under such circumstances would obtain, it is therefore necessary to decide in each case what was the interest in the land, at the time of the sale, of the person from whom such purchaser bought. If the vendor transfers to a third person, without indorsement or guaranty, the unpaid purchase-money notes of the vendee, the vendor from that moment ceases to have any interest whatever in the land, and a purchaser from him at private sale, or a purchaser at judicial sale under an execution against him, acquires no interest whatever in the land. *Tompkins* v. *Williams*, 19 *Ga.* 570 (5); *McGregor* v. *Matthis*, 32 *Ga.* 417; *Neal* v. *Murphey*, 60 *Ga.* 388. If the vendor transfers the purchase-money notes and becomes bound for the payment of the same, either by indorsement or guaranty, and is thus liable to the assignee of the notes in the event the vendee fails to pay the same, he has such an interest in the land as will authorize him to resort to the same for reimbursement, in the event he is held liable on his contract of indorsement or guaranty, as the case may be. Is this contingent interest in the land, however, the subject-matter of a sale by the vendor at private sale, or can such an interest be seized on execution against the vendor? In *Leitch* v. *May*, 98 *Ga.* 714, it is settled that such an interest can not be seized on execution; Mr. Chief Justice Simmons in the opinion (page 717) saying, " It is clear that such an interest as this is too vague, uncertain, and contingent to be the subject-matter of levy and sale." The case just cited was followed in *Ramspeck* v. *Healey*, 102 *Ga.* 583. If such an interest could not be the subject-matter of a judicial sale, it would seem that for like reasons it could not be the subject-matter of a private sale between the parties. But let it be conceded that this vague and contingent interest in the land might be the subject-matter of

42

a private sale, the purchaser at such a sale would acquire only this contingent interest, and if the vendee paid the purchase-money notes to the lawful holder of the same, and no liability ever attached to the vendor on account of his indorsement or guaranty, then the purchaser from him would never acquire any interest in the land. In any event the transfer of this vague and contingent interest would not have the effect to vest in the purchaser the right to collect the unpaid purchase-money notes remaining unpaid at the date of the transfer. The decisions above cited established the doctrine that where the vendor has transferred the legal title to the purchase-money obligations, he has no further interest in the land which can be the subject-matter of a sale, whether the notes were transferred without recourse or transferred with a guaranty of payment.

What would be the effect if the purchase-money notes were transferred by the vendor but in such a way that the transfer would be good only in equity, the legal title to the notes remaining in the vendor, that is, where the notes were payable to the order of the vendor and were merely delivered to the transferee without indorsement or written assignment? This question is answered by the ruling made in the case of *Smith* v. *Jennings,* 74 *Ga.* 551. In that case Jennings sold a tract of land to Reynolds, taking his note for the purchase-money, payable to order, and deposited this note, without indorsement or written assignment, with a bank as collateral security for a debt due by him to the bank. Subsequently to this a judgment was obtained against Jennings, and an execution issued thereon was levied upon the land. It was held that the land was not subject to the execution; Mr. Chief Justice Jackson in the opinion saying, " Although this note, in the case at bar, was negotiable only by endorsement, so as to pass the legal title, yet the equitable interest or title therein was in the bank, and it could hold it against Jefferson Jennings until the debt was paid; moreover, it could collect it out of the maker by suing in the payee's name for its use." Taking together all of the decisions cited above, the rule of force in this State as deducible therefrom seems to be, that whenever the vendor of land, who has sold the same and given a bond for titles, transfers the evidence of debt held by him for the purchase-money, whether such transfer has the effect to vest the legal title to the paper in the transferee, or merely to vest the equitable interest therein, the legal title remaining in the vendor, he has, after the

date of the transfer no interest in the land which could be the subject-matter of levy and sale at the instance of a creditor whose judgment was obtained after the date of the transfer, and thereafter a purchaser at private sale from the vendor would not acquire any right to collect any portion of the purchase-money remaining unpaid at the date of the sale. Of course, the proposition just stated is subject to the general rule which protects an innocent purchaser from the holder of the legal title against a secret equity of which the purchaser had no notice. One who buys from the holder of the legal title acquires a good title to the property, notwithstanding there may be an equity outstanding in some other person, provided the purchaser has no notice of this equity at the time he buys the property and pays his money. This rule applies to judicial sales, as well as to private sales. *Johnson* v. *Equitable Securities Co.*, 114 *Ga.* 604. "Possession of land is notice of whatever right or title the occupant has." Civil Code, § 3931. See also *Burr* v. *Toomer*, 103 *Ga.* 159. If the vendee, under a bond for titles is in possession of the land, his possession is notice to the world of the exact interest that he has in the property. One who buys from the vendor when such a vendee is thus in possession is charged with notice of every fact which due inquiry would bring to his knowledge. Such a purchaser, in contemplation of law, not only knows that the person in possession is a vendee under a bond for titles, but he also knows, if such be the fact, that the purchase-money notes have been transferred, and that they are payable no longer to the vendor but are payable to whomsoever the vendee is legally or equitably bound to pay them.

There are some rulings by this court which are apparently in conflict with the principles ruled in the cases cited above and which are followed in this case; but upon an examination of those cases it will appear that the conflict is not real but only apparent. For instance, in the case of *Ware* v. *Jackson*, 19 *Ga.* 452, the rule laid down is that a judgment is a lien on all of the property of the defendant in execution from its date, and that if there is a good subsisting legal title in the defendant at the time the judgment is rendered, the property is bound. In that case Baker sold land to Iverson in 1845, and gave a bond for titles. In 1846 Ware recovered judgment against Baker. In 1848 Iverson paid the purchase-money and received a deed from Baker, and sold to Jackson. It

was held by the majority of the court, Judge Benning dissenting, that the property was subject to the judgment.    It is apparent from the opinions written by the three Judges, that all were agreed that if Baker had transferred the purchase-money notes, the question presented would have been entirely a different one.    In *Corbally* v. *Hughes,* 59 *Ga.* 493, the ruling made in *Ware* v. *Jackson* was followed in a decision concurred in by three Judges; it being there held that where the land was levied upon under a judgment against the vendor, obtained after the date of the bond for titles, but before the purchase-money notes were due, and the vendor had failed, after notice, to protect the land from levy for the benefit of the vendee, and the latter was compelled to buy in order to protect his possession, he was entitled to have deducted from the amount of the purchase-money notes such a sum as was necessarily expended by him to make good his possession.    The ruling made in this case was followed in *English* v. *English,* 69 *Ga.* 643.    Whether, after the purchase-money notes had been transferred, the vendor would have had such an interest as was subject to levy and sale, and what would have been the effect of a sale under such circumstances, were questions not at all involved in that case.    In *Hardee* v. *McMichael,* 68 *Ga.* 678, the ruling of the majority in *Ware* v. *Jackson* was again followed; but the decision in that case was so construed as to make the same thoroughly consonant with the ruling in *Wilkerson* v. *Burr,* supra ; Mr. Justice Speer in the opinion saying, " We do not wish to be understood as determining that the whole of this land (were this the only defence) would be subject to this fi. fa.    The purchaser, under a judgment against a vendor, like a purchaser from him by voluntary conveyance, succeeds only to the interest which the debtor had power to control or part with.    He would only succeed to the right to call for the purchase-money due (as the representative of the vendor) at the time the lien attached.    The amount of the purchase-money due to the defendant, Brown, at the date of the judgment, would be the extent of the interest in the land the purchaser would hold under such a sale."    See also, in this connection, *Akin* v. *Freeman,* 49 *Ga.* 51, 60 ; *Rawson* v. *Coffin,* 55 *Ga.* 348 ; *Bell* v. *McDuffie,* 71 *Ga.* 264.    In *Parrott* v. *Baker,* 82 *Ga.* 364, 368, the cases of *Ware* v. *Jackson* and *Corbally* v. *Hughes* were cited approvingly by Mr. Chief Justice Bleckley, who said, "The rule is, that the

lien of a judgment against the holder of the legal title binds the property to the extent of the beneficial interest which such holder has in the property." As stated above, the conflict between the rulings in the cases last cited and those upon which the ruling in the present case is based is only apparent.

The conclusion of the whole matter is this: When a vendor of land gives to his vendee a bond for titles, and retains the legal title as security for the payment of the purchase-money, a purchaser from the vendor at private sale, or the purchaser at a sale had under an execution against the vendor upon a judgment rendered after the date of the bond for titles, who has no notice, actual or constructive, of the existence of the bond for titles, acquires a title to the property superior to that of the holder of the bond. If, however, such purchaser, either at private sale or judicial sale, as the case may be, has notice, either actual or constructive, of the existence of the contract of sale or bond for titles, he acquires only whatever interest the vendor actually had in the land at the time of the purchase; and if the vendor, prior to the date of the private sale, or prior to the date of the judgment upon which the judicial sale was founded, has transferred all of the unpaid purchase-money notes, then the purchaser would acquire no interest whatever in the property; and this is true notwithstanding the legal title to the land was at the date of the sale in the vendor and the legal title to the purchase-money notes was also in him at that date, and it is immaterial whether the notes were transferred without recourse, or with a guaranty of payment. By an application of the principles above laid down to the facts of the present case, it is manifest that the judgment under review is correct.	*Judgment affirmed.	All the Justices concurring.*