WILLIAM C. SCOTT, plaintiff in error, vs. GIDEON NEWSOM, defendant in error.

[1.] If testimony be admitted by the Court to enable the party introducing it, to make it applicable to the case by the introduction of other proof, after the introduction of such other proof, the objecting party must move to withdraw it, and if he does not, it must be held that he acquiesces in its remaining before the jury.

[2.] The administrator of an intestate's estate has a qualified interest in the real estate of his intestate, for the payment of debts and making distribution; and if it is not required for either purpose, his failure to sue a tenant in possession must not be held to prejudice the heirs at law.

[3.] The purchase of land, payment of the consideration, taking possession and

making valuable improvement, is sufficient to relieve a parol agreement for the purchase from the operation of the statute of frauds.

[4.] When there is positive evidence in support of a verdict, though there is evidence on the other side strongly conflicting with it, this Court will not reverse the judgment of the Judge presiding in the Court below refusing a new trial.

In Equity, in Taylor Superior Court. Tried before Judge WORRILL, at October Term, 1858.

The facts of this case are fully set forth in the following opinion of the Court.

CULVERHOUSE & ANSLEY, for plaintiff in error.

GEO. R. HUNTER, *contra.*

*By the Court.*—McDONALD, J. delivering the opinion.

Nancy C. Price and Maria A. Price, orphan sisters, in the lottery of lands which lay in the county of Muscogee, at the time of the lottery, drew lot of land number two hundred and ninety-eight, in the first district of that county. The original survey of that district was wrong, which made a re-survey necessary, and by the re-survey, lot number two hundred and ninety-eight in the old became and was designated as lot three hundred and one in the new survey, and a grant was thereupon issued to said orphans, for number three hundred and one.. A man named Thomas Scott married Maria A. Price, and a man named William Cosper married Nancy C. Price, and they both entered into possession of said land. In 1833, one William Smith sued the defendant in error, in an action of trespass, for alleged trespasses on said land, and obtained a verdict. The defendant appealed. Smith, in his declaration, described himself as the agent of Scott and Cosper, who had removed to another county, and left him in possession of the land. Scott died, and William Burgess took out letters of administration on his estate in the county of Gwinnett. During the pendency of the action of trespass

on the appeal, Smith, the plaintiff, filed a bill in chancery, alleging the foregoing facts, and that his remedy at law was inadequate; that the defendant was claiming the same tracts of land by the same number drawn by a different person from whom he had obtained a conveyance. Smith alleged in his bill that Burgess administered on the estate of Thomas Scott, on the seventeeth day of December, before he filed his bill, and that he bargained with Cosper and Burgess for the land, took possession of it under said purchase, and made valuable improvements thereon. The bill alleged, further, the trespass for which the common law action was instituted, and prayed an injunction, &c.

The defendant answered, denying complainant Smith's title to the land, and that it was drawn by the said orphans, and claiming it himself under another title. This cause was tried at February Term, 1833, and the jury decreed in favor of the complainant Smith. The defendant appealed, and the cause was tried on the appeal, at the August Term, thereafter, with the same result. The plaintiff in error is the son of Thomas Scott, and, as his heir at law, has instituted an action of complaint for the recovery of the land, against Gideon Newsom, the defendant in error. He and Mary A. Scott his mother, had previously instituted a suit in chancery, for the recovery of one-half of said tract of land, which was dismissed on demurrer. The judgment of the Court on that demurrer was plead in bar of Scott's suit at law. But that point was not seriously insisted upon; and if it had been, it is not tenable; the parties are not the same, and it does not appear that the title was the same.

During the pendency of the action by the plaintiff in error for the recovery of the land, the defendant in error filed a bill against him, on which a decree was rendered in favor of the complainant below, on the finding of which the plaintiff in error moved for a new trial, which was refused by the presiding Judge in the Court below, and his judgment thereon is assigned for error.

The defendant in error alleged in his bill, the filing of the bill by Smith, his answer thereto, as hereinbefore stated, and the decree rendered thereon. It alleged, additionally, that Thomas Scott and William Cosper, according to his best recollection and belief, assisted Smith in his litigation with him. The bill alleges, further, that Smith purchased the land either from Scott, in his lifetime, or from Burgess, his administrator, after his death, the half of the land claimed now by Thomas C. Scott; that he went into possession in Thomas Scott's lifetime; and his (Scott's) administrator attended both trials for said land, and that the heirs at law were represented by the said administrator. The bill further alleges, that William Cosper was present at one or more of said trials, taking a part therein, and that Smith put his title altogether on the title derived by his purchase from Cosper, and from Scott himself, and from his administrator. The bill alleges, in addition, that the jury passed upon Smith's title, and adjudged it to be good; that Smith remained in quiet possession of the entire land, under the verdict and judgment, until 1836 or 1837, when he purchased from Smith, paid him $400 in cash, and took his bond for title, which was deposited in the Clerk's office of Taylor county, and has been lost or mislaid.

The bill sets forth the manner in which he obtained title to the other half of said tract of land; but as there is no controversy respecting that in this suit, it is unnecessary to refer to it. The complainant alleges, that he took possession of the land in 1836 or 1837, and remained quietly in possession until 1852, when the suit in equity was instituted against him by William C. and Mary A. Scott. The bill alleges, further, that to William C. Scotts's action at law for the recovery of one-half the said tract of land, he, the complainant, being defendant in that action, pleaded the statute of limitations and other issuable pleas; and that on the trial, he showed by the record from Gwinnett county, that Burgess was appointed administrator of Thomas Scott in January, 1853; that on the trial of said cause, a verdict was found for

Scott; that the defendant appealed, and that said appeal was then pending.   The bill further alleges that, at the time complainant purchased, he had no knowledge of outstanding claims to the land, which had not been litigated and determined, that he had purchased the said land in good faith, and paid a valuable consideration therefor; that those under whom he claims had been in possession of the premises; that his own possession had been notorious, adverse and peaceable, for twenty years or longer; that the said Burgess, the administrator, as the complainant believed, knew of his purchase and possession of the land, and made no effort to disturb him, and that all parties had acquiesced in the judgment in favor of Smith, hereinbefore referred to, and no suit was instituted for said land until 1852.   Newsom, the complainant, amended his bill and alleged, that Scott and Cosper, and their families, lived on the land in dispute until the fall of 1832; that about that time they sold the land to William Smith; that both of them admitted that they had sold to Smith; that Smith took no written conveyance from them, but went into possession of the land in the winter of 1832, under the said parol purchase, claiming the land as his own, and in his own right, and made improvements, and kept possession peaceably, except the intrusion hereinbefore stated by Newsom, the complainant, until 1836, when the said Smith sold the land to complainant; that he, complainant, then went into possession, and has remained ever since in quiet, peaceable, and adverse possession of said lot of land, with the exception of the suits herein referred to; that complainant believes from the facts, that but for the death of the said Scott, which took place in the latter part of 1832, shortly after Scott and Cosper moved from the land, leaving Smith in possession, Smith would have obtained a conveyance of the said land from Scott; that Burgess, the administrator of Scott, recognized the claim, by allowing Smith to remain in possession of the land, &c.

The plaintiff in error answered the bill, and admitted the suits at law and in equity, but alleges that he was an infant, and not a party to any of them instituted prior to the 25th of March, 1851, at which time he arrived at the age of twenty-one years; that he suspects they were carried on by a fraudulent combination between the parties to obtain a legal advantage by the judgments. The answer admits that Burgess, the administrator, made a bond, but it denies that the defendant (plaintiff in error,) ever received a cent by the illegal and fraudulent bargain. The answer denies that Newsom, the complainant, controverted Smith's title, but alleged that he contended that lot 301 was 296, and put the issue on the identity alone of the premises. The answer denies, upon information and belief, that Smith purchased of Thomas Scott his interest in the land; but it admits Smith's possession of the premises, and denies his right to sell his (Scott's) interest therein. It alleges that Burgess, the administrator, had no authority to sell the land, and that Newsom, the complainant, was bound to know it, and it insists that he knew he was not getting a good title under the bond. It denies that the judgment on the demurrer, filed to the bill in chancery, instituted by him and Mary A. Scott, as hereinbefore mentioned, concluded him, as the only ground in the demurrer was that the complainant had an adequate remedy at law. The answer further denies that Scott and Cosper remained in possession of the land until the year ——, and that Scott ever sold the land to William Smith, either by deed or parol, and insists that no evidence of the sale can be admitted, except it be in writing, signed by the party to be bound thereby. The answer alleges, that the defendant does not believe that Scott ever admitted that he had sold to Smith; and denies that Smith went into possession of the land otherwise than as tenant of Scott and Cosper. It alleges that he never claimed the land adversely to Scott, in his lifetime, and that the defendant having been an infant, the possession was not adverse to him.

The complainant, on the trial, introduced ———— Hobbs, as a witness, who testified that he heard Cosper say he had sold to Smith; witness thinks the expression used was, " we have sold." Scott was not present. He testified that Smith. went into possession under a purchase from Cosper and Scott.

Jesse Tennison was examined as a witness by complainant, and testified that he heard Scott and Cosper say they had sold to Smith, and heard Smith say he had sold to Gideon Newsom.

Joshua Tennison testified the same, and additionally, that Smith said Newsom had paid him. The jury found in favor of Newsom, the complainant, and decreed a perpetual injunction of Scott's, the defendant's, common law action. The defendant moved for a new trial on the grounds,

1st. Because the verdict of the jury is contrary to law, and strongly and decidedly against the weight of evidence.

2d. Because the Court erred in not rejecting that part of the testimony of a witness named Hobbs, which was objected to.

[1.] The objection to Hobb's testimony is not strongly insisted upon here. It was admitted by the presiding Judge, to allow the complainant, by evidence to be introduced, so to connect it with other proof, as to make it legal. After hearing other testimony, no motion was made to withdraw it. The same witness testified that Smith went on the land under a purchase from Cosper and Scott. If counsel believed that Hobbs' evidence was not so connected with other evidence subsequently given, as to bring it within the decision of the Court, they ought to have moved to withdraw it from the consideration of the jury. Not having done so, they must be held to have acquiesced in the propriety and legality of its remaining before the jury.

[2.] For the defendant in error it was insisted that the verdict or decree of the jury was not contrary to law, because the plaintiff in error, who was plaintiff in the action at law also, was barred in that action by the statute of limitations. The plaintiff in error was an infant, and within the saving

Scott vs. Newsom.

of the statute. He was not barred. But it is insisted that there was an administrator of the estate of the ancestor, and he ought to have sued. The rulings of this Court have been, that on the death of the ancestor intestate, his estate in lands is cast on his heirs at law, but that there is a qualified estate in the administrator, for the payment of debts, or for making distribution. If the land is not required for either of these purposes, the administrator need not sue, and his failure to do so, must not prejudice his heirs at law.

[3.] We think that there was sufficient evidence in this case, if true, and the jury must have found it so, to relieve the case from the operation of the statute of frauds. There was evidence of purchase, payment, possession long continued, and valuable improvements.

There was conflicting evidence in this case, and so difficult is it of reconciliation, that we shall not attempt it. We do not say that we should have rendered the verdict which the jury did, had it been our province to act in their stead; but there was positive evidence in support of the verdict, and there are strong circumstances and admissions in conflict with it.

[4.] The presiding Judge who heard the entire cause, upon a consideration of the evidence on both sides, has refused to recognize that as a good objection to the verdict, and we will not overrule him on a ground which must derive much of its merit from what transpires before him on the trial of the cause.

Judgment affirmed.