## BURR, president, *v.* TOOMER.

1. The actual possession of land by one who holds under a bond for titles is notice to a subsequent purchaser from the same vendor, of whatever interest the possessor has in the land, and such purchaser would take subject to the rights of the holder under the bond for titles.

2. From the principle above stated, it follows that where one purchases property and goes into possession under a bond for titles, and the vendor subsequently conveys the land to another to secure a debt, and an execution issued upon a judgment rendered in a suit founded upon such debt is levied upon the land, and a claim interposed by the holder under the bond for titles, and it is shown that the subsequent purchaser at the time of the purchase also obtained possession of all the purchase-money notes then unpaid, given by the one holding under the bond for titles, and has received payment of the same, a verdict in favor of the claimant is proper.

3. The evidence in the present case demanded a finding for the claimant, and the errors complained of are not such as to require the granting of a new trial.

Argued October 26, — Decided November 29, 1897.

Levy and claim.     Before Judge Sweat.     Ware superior court. April term, 1897.

*J. S. Boynton* and *C. C. Thomas*, for plaintiff.

*L. A. Wilson, J. C. McDonald* and *Toomer & Reynolds*, contra.

COBB, J.     An execution in favor of Burr, president, against Mrs. Mary Rowbotham was levied upon a lot of land in the city of Waycross, and a claim to the same was interposed by Toomer.     On the trial the following appeared from the evidence: In July, 1893, Mrs. Rowbotham sold the land in dispute to the claimant for one thousand dollars, of which he paid one hundred dollars at the time of the sale, and gave his promissory notes for one hundred dollars each for the remainder of the purchase-money, the first note falling due on November 1, 1893, and the others maturing consecutively at the end of each quarter thereafter; and at the ,same time a bond for titles was executed and delivered to him.     The claimant went into possession of the lot immediately, and his possession was evidenced by inclosure and cultivation.     Further than this there was no evidence of possession.     The claimant having paid several of the notes, Mrs. Rowbotham transferred those remaining unpaid to Burr, as security for an indebtedness to the City National Bank of Griffin, of which he was president, and executed to him a deed to the lot which she had sold to Toomer.     This deed was dated October 5, 1894, was recorded October 15, 1894, and recited a consideration of $1,031.64, which was the amount of the indebtedness to the bank.     Burr had no actual notice, at the time he took the deed, of the outstanding bond for titles held by Toomer, nor did he know that the notes of Toomer which had been transferred to the bank were for the purchase-money of the land.     At the time that Mrs. Rowbotham had this transaction with the bank, the bond for titles which had been delivered to Toomer was held by W. G. Brantley to whom Toomer had transferred it as security for a debt; but on October 13, 1894, Toomer's liability to Brantley having been

discharged, the bond for titles was transferred back to him. Toomer's notes which had been deposited with Burr as collateral security were paid, and were applied by Burr as a credit on the indebtedness due the bank by Mrs. Rowbotham.　Mrs. Rowbotham made and delivered a deed to the land in question to Toomer on January 11, 1896.　On August 5, 1896, Burr as president obtained a judgment against Mrs. Rowbotham and against the land in question, for the amount of her indebtedness to the bank.　On December 23, 1896, he made a deed reconveying the property to her, and the execution based on his judgment was, on February 26, 1897, levied upon the land. To this levy the present claim was interposed.　There was a verdict in favor of the claimant, and the plaintiff in execution made a motion for a new trial, which being overruled, he excepted.

1. "The actual possession of land is notice to all the world of whatever rights the occupant really has in the premises." *Sewell* v. *Holland,* 61. *Ga.* 608; *Cogan* v. *Christie,* 48 *Ga.* 585; Civil Code, § 3931.　"Actual possession of lands is evidenced by inclosure, cultivation, or any use and occupation thereof which is so notorious as to attract the attention of every adverse claimant, and so exclusive as to prevent actual occupation by another."　Civil Code, § 3585.　It follows, therefore, that when one purchases land, takes from his vendor a bond for titles, and enters into possession of the property which at the time is inclosed by a fence, and remains in such possession, cultivating and using it as his own, another who takes a conveyance from the same vendor is charged with notice of the rights of the occupant, and of the character of his interest in the premises, and would take the property subject to the rights of the first vendee, whatever they may be.

2. Applying the principles above stated to the facts of the present case, when Burr obtained the deed to the property from Mrs. Rowbotham, Toomer being in actual possession of the premises, he acquired title subject to the rights of Toomer. Burr under his conveyance obtained the interest of Mrs. Rowbotham in the property.　This interest consisted of the right to collect from Toomer the balance of the purchase-money.　It

appeared from the evidence that the notes which represented the balance due on the purchase-money debt were transferred to Burr to secure the indebtedness of Mrs. Rowbotham, and that Toomer has paid the notes to Burr, and the sum so paid has been applied as a credit upon the indebtedness of Mrs. Rowbotham to the bank. It is thus apparent that at the time of the trial Burr had received everything to which he acquired title under the conveyance from Mrs. Rowbotham, and that he had no right to demand anything further from Toomer. This being the case, a verdict that the property was not subject to the execution issued on Burr's judgment was demanded by the evidence.

3. The rulings complained of in the motion for a new trial were not such as to affect in any way the final result in the case. No other verdict than the one rendered was authorized under the evidence. There was no error in refusing a new trial.

*Judgment affirmed. All the Justices concurring.*