## ARNOLD *v.* FARMERS EXCHANGE.

123 731
e124 894

In a proceeding to foreclose a materialman's lien for material furnished a contractor in the improvement of real estate, it is not necessary to allege that the contractor had completed his contract with the owner of the premises, or that such owner had not paid the contractor for the improvements made, upon his sworn statement that he had paid for the materials used. This remedy is statutory, and in its enforcement all the plaintiff need allege is compliance with the statute and that he comes under its protection.

Argued June 27, — Decided August 3, 1905.

Foreclosure of lien. Before Judge Reid. City court of Atlanta. February 3, 1905.

The Farmers Exchange brought an action against Mrs. M. W. Arnold and B. A. Harris, alleging that Harris was a contractor and had made certain improvements on real estate belonging to,

Mrs. Arnold; that the plaintiff was a materialman and furnished materials which were used by the contractor in the improvement of the property of Mrs. Arnold; that, within three months from the furnishing of the materials so used, the plaintiff recorded its lien as provided by law; that the contract price for the improvements made by the contractor was in excess of the amount for which the lien was asserted; and that the plaintiff had complied with its contract as to furnishing the materials ordered and used by the contractor in making the improvements upon the property. Suit was commenced within twelve months after the furnishing of these materials. The premises upon which the improvements were made were fully described in the petition; and the plaintiff prayed that its lien be enforced against the property of Mrs. Arnold, and that a general judgment against Harris should be rendered in its favor. Mrs. Arnold demurred to the petition, on the ground that no cause of action was therein set forth, in that the plaintiff did not allege that the contractor had completed and complied with his contract, nor that the owner of the premises had not paid him the contract price of the improvements made upon his sworn statement that he had paid for the materials used the agreed price therefor or an amount equal to the reasonable value of the same. The demurrer was overruled, and Mrs. Arnold excepted.

*J. F. Golightly*, for plaintiff in error.
*Walter McElreath*, contra.

EVANS, J. (After stating the facts.) This is a proceeding by a materialman to enforce a statutory lien for materials furnished to and used by a contractor in the improvement of certain real estate belonging to Mrs. Arnold. A materialman who furnishes material for the building, repairing, or improving of real estate is entitled to a lien thereon, as against the owner, when the material is furnished to and used by a contractor in making improvements on the premises, unless the owner shall show that the lien has been waived in writing, or produces the sworn statement of the contractor that the agreed price or reasonable value of the material so furnished has been paid, " provided that in no event shall the aggregate amount of liens set up . . exceed the contract price of the improvements made." Civil Code, § 2801; Acts of 1899, p. 33, Van Epps' Code Supp. § 6176. The claim of lien must be

recorded in the office of the clerk of the superior court of the county wherein the property is situated, within three months after the material is furnished. Civil Code, § 2804 (2). The material-man's lien must be enforced by an action brought within twelve months from the time his demand against the contractor becomes due. Ibid. § 2804 (3). And the materialman must allege a substantial compliance with his contract in furnishing the material; that he has duly recorded his claim of lien; and that the contract price or reasonable value of the materials furnished the contractor and for which he asserts a lien comes, in whole or in part, within the contract price agreed on between the contractor and the owner of the property improved. *Stevens* v. *Ga. Land Co.*, 122 *Ga.* 317. The materialman derives his lien from the statute, and in its enforcement he is not required to allege anything more than that his claim comes within the provisions of the statute, and that he has complied with its terms in asserting his lien. The petition filed in the present case contained all the necessary averments. It was not essential that the plaintiff should negative the defenses which the statute permits to be interposed by the owner of the premises improved. The act of 1899 puts the burden on the owner to show that the lien has been waived in writing, or that the contractor produced a sworn statement that the agreed price or reasonable value of the materials furnished him had been paid.

One of the points raised by the demurrer is that the plaintiff's petition did not affirmatively allege a completion of the contract by the contractor. The statute does not require this to be alleged, and in the prosecution of his statutory remedy it is not incumbent on the materialman to allege anything more than the statute declares shall constitute a prima facie right to assert and enforce his claim of lien. It may be that the owner of the premises can urge, as a defense, not only that the lien has been waived in writing or that the contractor was settled with upon a sworn statement that all materials and labor had been paid for, but that nothing is due to the contractor under the contract because it was voluntarily abandoned by him before its completion. *Rowell* v. *Harris*, 121 *Ga.* 239. We are content to rest our decision in this case upon the principle that, in the prosecution of a statutory remedy, all the plaintiff need allege is enough to show that he has complied with all of its essential requirements and has at least a

prima facie right to avail himself of that remedy. The demurrer was, in our opinion, rightly overruled.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*