WRIGHT *v.* HARBER *et al.,* executors.

No. 8793.   SEPTEMBER 14, 1932.

*Pemberton Cooley* and *G. P. Martin,* for plaintiff in error.
*E. C. Stark,* contra.

ATKINSON, J.   On July 14, 1930, H. R. Harber and Claud Montgomery as executors instituted suit against T. F. Wright to recover described land and mesne profits.   It was alleged in the petition as amended that the plaintiffs are owners of the land; that in 1907

they agreed to sell the land to the defendant, and furnished money with which to build a house thereon; that the house was erected by defendant and paid for with the money; that the price of the lot was $350, and the money to build the house aggregated $2150, for which the defendant gave his promissory notes due one day after date; that the notes were paid except two, which with principal and accumulated interest amount to $2187.33, which exceeds the value of the property; that defendant's possession has been permissive under plaintiffs; that in June, 1930, plaintiffs demanded possession of the property, which defendant refused, and since that time the possession of defendant has been as a trespasser and he is liable for mesne profits. The prayers were that defendant be ejected and that plaintiffs be put in possesion and have judgment for mesne profits since the date of the demand for possession. The defendant excepted pendente lite to a judgment overruling his demurrer to the petition. In his answer the defendant set up purchase of the lot as a separate transaction, and full payment of the purchase-price, by reason whereof he claimed equitable title to the land; that the balance on the debt represents loans and was not for purchase-money; also that he had been in actual adverse possession of the property for more than twenty years, and by reason thereof had title by prescription; also that the contract as alleged, not being in writing, was within the statute of frauds and unenforceable. The jury returned a verdict for the plaintiffs. The defendant excepted to the overruling of his motion for a new trial, and assigned error also on the exceptions pendente lite.

■ To make a contract for the sale of land binding upon the promisor, the promise must be in writing, signed by the party to be charged therewith or some person by him lawfully authorized. Civil Code, § 3222, par. 4. An exception to this general rule is where there has been such part performance of the contract as would render it a fraud of the party refusing to comply if the court did not compel a performance. Civil Code, § 3223, par. 3. The allegations in the petition as amended were sufficient to bring the oral contract for sale of the land within the exception above stated.

■ A plaintiff in ejectment may recover without further proof of title, upon showing that he has made an executory sale of the premises in dispute to the defendant, and that the latter has not complied with his contract by paying the purchase-money in ac-

cordance with the terms of the contract. Powell on Actions for Land, 497, § 374, and cit. The title of the vendor continues, and he may bring ejectment thereon, even after the purchase-money notes have become barred by the statute of limitations. Powell on Actions for Land, § 376; *Kiser* v. *Miller, 58 Ga.* 509. The petition alleged a cause of action, and was not subject to demurrer.

■ Under defendant's theory of the case set forth in his answer, and which there was evidence to support—that the contract of purchase of the lot was a separate transaction, and that he had been in actual possession for more than 20 years,—the judge should have charged the jury, without request, the provisions of the Civil Code, § 4168: "Actual adverse possession of lands by itself, for twenty years, shall give good title by prescription against every one, except the State, or persons laboring under the disabilities hereinafter specified," and his failure to so instruct the jury as complained of in the ninth ground of the motion for a new trial is cause for reversal. In this connection see *Walton* v. *Sikes, 165 Ga.* 422, 425 (141 S. E. 188). GILBERT, J., dissents from this ruling.

■ The tenth ground of the motion for a new trial complains of the charge: "It is the duty of the plaintiff to recover by a preponderance of evidence, and by a preponderance of evidence is meant that superior weight of evidence upon the issues involved, which, while not enough to wholly free the mind from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue, rather than to the other." The criticism upon the charge is that "it did not give the jury the correct rule touching the establishment of a parol contract for the purchase of land. The rule applicable for this case is that the court should have charged the jury that the burden was on the plaintiff to establish the contract so clearly and satisfactorily as to leave no reasonable doubt in the minds of the jury." The charge as given was a correct statement of the law applicable to the case, which was a suit in ejectment based on legal title to land which plaintiffs agreed to sell but had not conveyed, and not for specific performance of a contract.

■ Other grounds of the motion for a new trial, relating to rulings on the admissibility of evidence and complaining of certain portions of the charge, were in accord with the principles stated in the preceding divisions, and were not erroneous for any reason assigned. As a new trial will result, no ruling will be made upon

the assignments of error based on the general grounds of the motion for a new trial.

*Judgment reversed. All the Justices concur, except Gilbert, J., who dissents.*