## POOLE *v.* ATLANTA JOINT STOCK LAND BANK.

No. 12938. SEPTEMBER 16, 1939. REHEARING DENIED OCTOBER 14, 1939.

*John Henry Poole,* for plaintiff.

*R. D. Smith, Spalding, Sibley, Troutman & Brock,* and *W. K. Meadow,* for defendant.

DUCKWORTH, Justice. Under the testimony of the plaintiff, he obtained possession of the tract of land in question in February, 1924, under a parol contract of purchase which was taken out of the statute of frauds by part performance. See Code, § 20-402 (3); *Scott* v. *Newsom,* 27 *Ga.* 125; *Wimberly* v. *Bryan,* 55 *Ga.* 198; *Wright* v. *Harber,* 175 *Ga.* 696 (165 S. E. 616). "When, as between vendor and vendee, a parol contract for the sale of land has for any reason been taken out of the statute of frauds, the latter, relatively to one who takes from the former a mortgage upon such land and who at the time of so doing knows, or ought to know, of the existence of such contract, occupies as good a position as if that contract had been duly reduced to writing." *Collins* v. *Moore,* 115 *Ga.* 327 (3) (41 S. E. 609). "The actual possession of land is notice to all the world of whatever rights the occupant really has in the premises." *Sewell* v. *Holland,* 61 *Ga.* 608 (2); *Cogan* v. *Christie,* 48 *Ga.* 585; *Burr* v. *Toomer,* 103 *Ga.* 159 (29 S. E. 692). "Actual possession of lands is evidenced by inclosure, cultivation, or any use and occupation thereof which is so notorious as to attract the attention of every adverse claimant, and so exclusive as to prevent actual occupation by another." Code, § 85-403. Under the

plaintiff's testimony, the jury could have found that when, on December 17, 1924, the common grantor of both parties gave the defendant a security deed to a large tract of land which included the land which plaintiff claims, the defendant took with notice of the prior parol contract and subject thereto. The defendant contends, however, that since the plaintiff learned of the security deed in April, 1925, but continued to make payments of the purchase-money to Abbott, a verdict for the defendant was demanded, on the ground that the purchase-money should have been paid to it as the grantee in the security deed.

Under an executory contract for the sale of land, with part of the purchase-money paid, both the vendor and the vendee have a beneficial interest in the land, and each may sell or assign his interest. "The purchaser of the interest of the vendor, whether at private or public sale, is entitled to call for the balance of the purchase-money as the representative of the vendor, and the purchaser of the interest of the vendee is entitled to call for a conveyance as the representative of the vendee, upon paying the balance due upon the purchase-money." *Georgia State Building & Loan Asso.* v. *Faison,* 114 *Ga.* 655 (40 S. E. 760). See *Wilkerson* v. *Burr,* 10 *Ga.* 117; *Dunson* v. *Lewis,* 156 *Ga.* 692 (119 S. E. 846). In *Gholston* v. *Northeastern Banking Co.,* 158 *Ga.* 291, 293 (123 S. E. 111, 35 A. L. R. 23), it was said: "Where an owner receives purchase-money notes for land and executes a bond obligating himself to execute a deed to the purchaser on full payment of notes given for the deferred payments of the purchase-price, and puts the purchaser in possession, the vendee acquires an equitable interest in the land, while the legal title remains in the vendor as security for payment of the balance of the purchase-money. *Carter* v. *Johnson,* 156 *Ga.* 207 (119 S. E. 22). Under such circumstances the vendor holds the title in trust for his vendee. While he can sell his interest in the land, if he does so and conveys the same to a third person, he can only sell subject to his outstanding bond for title; and the purchaser from him takes the land subject to the rights of the holder of his bond for title. Such purchaser stands in the shoes of the vendor. He acquires no greater or better title than the vendor had. As the vendor held the title in trust for the vendee in the bond for title, the purchaser from him likewise holds the title under a like trust for the obligee in the bond for title.

When such obligee pays the balance of the purchase-money, such purchaser from the vendor is bound to convey the land to the original vendee or his assignee. The same is true where a grantee takes a deed from the vendor to secure a debt. In such a case the grantee takes the place of the original vendor, holds the title in trust for the vendee, and has no greater rights than the vendor had. He is subject to all of the obligations of the vendor under his bond for title, and is bound to convey to the obligee on the payment of the purchase-money notes." In *Burr* v. *Toomer,* supra, in speaking of the interest which a grantee in a security deed from the vendor obtained, it was said: "This interest consisted of the right to collect from Toomer [the vendee] the balance of the purchase-money." Whether or not the purchaser may safely continue to make payments to the vendor after he has notice that the vendor has given a security deed conveying his interest in the land to another person, or whether he must make the payments to the grantee in the security deed, is a question which has never been decided by this court. In *Ware* v. *Jackson,* 19 *Ga.* 452 (2), where a judgment was obtained against the vendor after a part of the purchase-money had been paid, and thereafter the balance of the purchase-money was paid to the vendor who made a deed to the purchaser, it was held, one Judge dissenting, that the land was subject to the judgment to the extent of the purchase-money due when the lien attached to the land. While this case and the others cited are not controlling on the issue here under consideration, it seems that the proper deduction from them is that the grantee in a security deed from the vendor obtains as security for his debt all of the interest of the vendor in the land, which is the right to collect the balance of the purchase-money and to hold the title to the land as security for its payment, and the purchaser, with actual notice of the security deed, must make payments to such security-deed holder. If the purchaser had given negotiable notes for the balance of the purchase-money, and such notes had been transferred for value before maturity, an entirely different question would have been presented. See *Georgia State B. & L. Asso.* v. *Faison,* and *Gholston* v. *Northeastern Banking Co.,* supra. The decided weight of authority in other jurisdictions is in accord with the decision here reached. In Jaeger *v.* Hardy, 48 Ohio St. 335 (27 N. E. 863), a case very similar to the one at bar, it was held: "Possession of

lands by a vendee, under a contract for their future conveyance to him, is constructive notice of the contract, and of his equity in the land. Such vendee has an equitable estate in the land, equal to the amount of the purchase-money paid by him, and which, upon full payment, may ripen into a complete equity, entitling him to the conveyance of the legal title according to the terms of the contract. A mortgage executed by the vendor on the premises, after the purchaser is put in possession, is subordinate to his prior equity. He is not bound to examine the records for such incumbrances, nor is the record constructive notice to him. Until actual notice of the incumbrance, he may safely continue to make payments of the purchase-money to his vendor in pursuance to the contract. Such payments, though made after the recording of the mortgage, will not be regarded as a fresh purchase, but are made effective for the protection of the purchaser, by relation to the original contract. Nor can the subsequent mortgagee be allowed to impede the progress of the legal estate to the purchaser, or intercept the conveyance. But the mortgage creates a valid lien on the interest remaining in the vendor at the time of its execution, which, before conveyance, is the legal title, and a beneficial estate in the lands to the extent of the unpaid purchase-money; and payments made on the purchase-money to the vendor by the purchaser, after he has knowledge of the mortgage, will be unavailing as against the mortgagee. . . If it be conceded, as some authorities maintain, that as the vendor is a mere trustee of the lands for the vendee, and that the latter is the trustee of the purchase-money for the former, the lien of the mortgage executed by the vendor, after the contract of sale, does not attach to the lands, but only to his claim against the vendee for whatever may then remain unpaid on the purchase, still the mortgage would at least be operative to transfer to the mortgagee, for his security, the mortgagor's claim against the purchaser; for if it neither conveys any estate in the land, nor transfers the mortgagor's right to the unpaid purchase-money, it is without any validity whatever. No authority has been found which denies the validity of such a mortgage; and if it be effective only as an assignment of the mortgagor's claim against the vendee, the latter, after notice, is under the same obligation to pay to the mortgagee the balance owing by him on the land that every debtor is under to pay his debt to his creditor's assignee after knowledge of

the assignment." Other cases supporting our view are: Ten Eick v. Simpson, 1 Sandf. Ch. 244; Governeur v. Lynch, 2 Paige, 300; American Cedar & Lumber Co. v. Gustin, 236 Mich. 351 (210 N. W. 300); Hilgedick v. Nothstine, 316 Mo. 333 (289 S. W. 939); Vermont Marble Co. v. Mead, 85 Vt. 20 (80 Atl. 852); Marion Mortgage Co. v. Grennan, 106 Fla. 913 (143 So. 761, 87 A. L. R. 1492, 1505, note).

In the instant ejectment suit, it appears that the purchaser, the plaintiff, paid to the defendant only a small amount of the purchase-money remaining unpaid at the time he received notice of the defendant's security deed, and that he paid the balance of the purchase-money to the vendor, the grantor in the security deed. Such payment was not enough to vest in the plaintiff sufficient title or interest in the land to support an action of ejectment. See *Miller* v. *Swift,* 39 *Ga.* 91. Since the verdict for the defendant was demanded, alleged errors in the charge of the court will not be considered. *White* v. *Southern Railway Co.,* 123 *Ga.* 353 (4) (51 S. E. 411).

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., who dissents.*