### OGLETREE *v.* WEST LUMBER COMPANY.

No. 17430. ARGUED MARCH 12, 1951—DECIDED APRIL 9, 1951—REHEARING DENIED MAY 16, 1951.

44

*Stanley P. Meyerson,* for plaintiff.

*Herbert Johnson,* for defendant.

WYATT, Justice. 1. It is insisted by the plaintiff in error that the materialman's lien should not be enforced as a lien against the property here involved, for the reason that John P. Ogletree has been required to pay out on the obligations of Ewing Brothers Inc., and on additional expenses to complete the house, more money than the contract provided was to be paid Ewing Brothers Inc. to construct the house. *Rowell* v. *Harris,* 121 *Ga.* 239 (48 S. E. 948) ; *Arnold* v. *Farmers Exchange,* 123 *Ga.* 731 (51 S. E. 754) ; *Holmes* v. *Venable,* 27 *Ga. App.* 431 (109 S. E. 175) ; and other cases following the reasoning laid down in these cases are cited and relied upon.

It is next contended that the materialman furnished the material with notice of the contract to build the house, and for that reason could not proceed under the facts in this case. *Poole* v. *Atlanta Joint Stock Land Bank,* 189 *Ga.* 59 (5 S. E. 2d, 368), and other cases are cited and relied upon for this position.

It is next contended that West Lumber Company furnished the material with notice of Ogletree's equity, and for that reason can not proceed with the lien foreclosure. Code, § 37-116; *Elrod* v. *Bagley,* 154 *Ga.* 670 (115 S. E. 3), and other cases of like import are relied upon to sustain this position.

The trouble with all these contentions, in the case now under consideration, is that we do not have, as is the case in the decisions relied upon, a situation where the materialman furnished material to a contractor who did not complete his contract; but in this case the materialman furnished material to the owner of the property, and the owner of the property was unable to comply with his contract to sell the property to Ogletree, for the reason that the contractor never finished the house. The principles of law discussed in the cases above enumerated have no application to the state of facts in this case. Ogletree conveyed title to the property to Ewing Brothers Inc., and West Lumber Company furnished the material to Ewing Brothers Inc., the owner of the property, and, of course, is entitled to enforce its lien against the property improved with the material furnished. Ogletree made this situation possible when he conveyed title to the property to Ewing Brothers Inc.

2. The plaintiff in error complains because the trial court refused to allow him to testify that he was promptly making the payments on an obligation in the nature of a deed to secure debt that Ewing Brothers Inc. had executed as against the property in question. This testimony clearly could not in any way illustrate any question here involved.

From what has been said above, it follows that the trial court did not err in denying the injunction.

*Judgment affirmed. All the Justices concur.*