### 20195. PARKER *et al. v.* PARKER *et al.*

CANDLER, Justice. Mrs. Joe H. Parker in her own behalf and as executrix of the estate of Joe H. Parker, deceased, brought fictitious ejectment against Mrs. Rufus G. Parker, Rufus Grover Parker, Leonard Parker, and Rickey Joe Parker, seeking to recover possession of described premises and mesne profits for a specified period of time. Answering the petition, the defendants denied that they were wrongfully in possession of the property and that they were due the plaintiffs any amount for mesne profits. The pleadings, a stipulation, and the evidence make the following case: The defendants are the widow and minor children of Rufus G. Parker, deceased, who was the son of Joe H. Parker and Mrs. Joe H. Parker. Joe H. Parker gave the land here involved, consisting of one acre and having a value of $50, to Rufus G. Parker, his son, and Mrs. Joe H. Parker had actual knowledge of such gift and ratified it by acquiescence. Rufus G. Parker immediately accepted the gift, took actual possession of the land, erected

a five-room dwelling house on it in 1949, and thereafter placed other permanent improvements on it at a total cost to him of $6,000, all of which was done with the knowledge of his parents. While making such improvements, his parents advanced some of the money expended for labor and materials, and he later reimbursed them in full for such advancements. He lived on the lot and had exclusive possession of it from the date it was given to him until his death on March 8, 1956, except for a short period of time while his family resided in Jackson County, Georgia. He paid no rents to anyone for the use of the land, and from the date it was given to him until the date of his death he returned it for taxes in his own name and paid all taxes assessed against it. The record also shows that Rufus G. Parker took actual bona fide possession of the land in 1949, when it was given to him by his parents; that from 1949 to 1956 he spent $6,000 in erecting permanent improvements on it; that the defendants, as his widow and three minor children, presently have actual bona fide possession of it and use it as their home; and there is a prayer that they, as his sole and only heirs at law, have judgment against the plaintiffs for the amount so expended by him for such improvements less the value of mesne profits, if the jury finds that they are not the owners of the land. After the death of Rufus G. Parker, the lot with the improvements thereon was by a proceeding in the Court of Ordinary of Hall County, Georgia, set apart to the defendants, as his widow and minor children, as a year's support; and though Mrs. Joe H. Parker, individually and as executrix of the estate of Joe H. Parker, deceased, had notice and actual knowledge of the proceeding, she filed no objection to it. There was no demurrer either to the amended petition or to the answer as amended. The parties stipulated that Joe H. Parker and Mrs. Joe H. Parker jointly acquired title to the land involved from Gainesville National Bank on November 1, 1940; that its rental value was $20 per month; and that the defendants were the sole and only heirs at law of Rufus G. Parker, deceased. At the close of the evidence for both sides, the court directed a verdict in favor of the plaintiffs for the premises sued for and $20 per month as mesne profits from October 2, 1956. The defendants moved for a new trial on the usual general grounds only, and their motion as thus made was denied. In due time the defendants presented and caused to be certified

a bill of exceptions in which they assigned error on the judgment refusing them a new trial, and on the action of the court in directing the verdict. The latter assignment recites that the evidence made issues of fact, which the trial judge should have submitted to the jury for determination, and for that reason the action of the court in directing the verdict was erroneous. . *Held:*

1. There is no merit in the contention of the defendants in error that there is no specific assignment of error which this court can consider respecting the action of the trial judge in directing the verdict. As to this contention, it is argued that, since the defendants elected to file a motion for new trial, they were required to incorporate their complaint respecting such action in their motion; and having failed to do so, they could not complain about it for the first time in their bill of exceptions to this court. For this position they cite and rely principally on *Shippen* v. *Cloer*, 213 *Ga.* 172 (97 S. E. 2d 563), which was decided by this court on April 9, 1957. However, since that decision was rendered, the rules of practice and procedure to be followed in the courts of this State have been materially changed by legislative action which became effective on July 1, 1957. See Ga. L. 1957, p. 224. Code § 6-701, as thus amended, now provides in part: "No cause shall be carried to the Supreme Court or Court of Appeals upon any bill of exceptions while the same is pending in the court below, . . . and should the case at its final determination be carried by writ of error to the Supreme Court or Court of Appeals by either party, error may be assigned upon any antecedent ruling and a reversal and a new trial may be allowed thereon, when it shall be manifest that such erroneous decision of the court has or may have affected the final result of the case, irrespective of the time elapsing between the date of such antecedent ruling and the presentation of the final bill of exceptions. Where bill of exceptions is permissible, all judgments, rulings, or orders rendered in the case which are assigned as error, and which may affect the proceedings below, shall be reviewed and determined by the appellate court, without regard to the appealability of such judgment, ruling or order standing alone, and without regard to whether the judgment, ruling or order excepted to was final, or was subject to review by some other express provision of law contained in this section, or elsewhere."

2. It is erroneous for the trial judge to direct a verdict, except where there is no conflict in the evidence introduced as to the material facts, and the evidence introduced with all reasonable deductions or inferences therefrom demands a particular verdict. Code § 110-104; *Norris* v. *Coffee*, 206 *Ga.* 759 (58 S. E. 2d 812). And where there is a material conflict in the evidence upon a material issue, the trial judge cannot usurp the province of the jury and instruct them to render a given verdict. *Duncan* v. *Mayfield*, 209 *Ga.* 882 (76 S. E. 2d 805). This long-established rule is plain and should never be extended beyond the literal meaning of its words. *Williams* v. *State*, 105 *Ga.* 814 (32 S. E. 129, 70 Am. St. R. 82).

3. "A donee of land under a parol gift, who in pursuance thereof enters into possession with the consent of the donor, and makes valuable improvements upon the faith of the gift, acquires such a perfect equity in the premises as that, upon a suit in ejectment against him by the donor or his heirs at law, he may by proof of these facts, successfully defend his possession; and a plea setting up such equity should not be stricken on demurrer, even though it contain no prayer for specific performance." *Floyd* v. *Floyd*, 97 *Ga.* 124 (2) (24 S. E. 451); *Ogden* v. *Dodge County*, 97 *Ga.* 461 (1) (25 S. E. 321). Our statement of this case fully sets out the defendants' contention respecting an oral gift of the land sued for, the acceptance of the gift by their predecessor in title, and the character and value of improvements he placed on the land after taking actual possession in 1949; and the defendants' evidence, as we view it, was sufficient to have authorized a finding by the jury that these averments were true; though, in view of the plaintiffs' evidence to the contrary, it did not demand such a finding in their favor. In these circumstances, the trial judge should have submitted this theory of their defense to the jury for determination.

4. "In all actions for the recovery of land, the defendant who has bona fide possession of such land under adverse claim of title may set off the value of all permanent improvements bona fide placed thereon by himself or other bona fide claimants under whom he claims; and in case the legal title to the land is found to be in the plaintiff, if the value of such improvements at the time of the trial exceeds the mesne profits, the jury may render a verdict in favor of the plaintiff for the land and in favor of the defendant for the amount of the

excess of the value of the improvements over the mesne profits." Code § 33-107; *Hawks* v. *Smith*, 141 *Ga.* 422 (4) (81 S. E. 200). In this case the evidence demanded a finding by the jury that valuable improvements, permanent in character, were erected on the land sued for subsequently to 1949 and prior to the day on which Rufus G. Parker died and while he was in actual possession of it under a claim adverse to that asserted by the plaintiffs. The defendants also introduced evidence which would have authorized, but which—because disputed by the plaintiffs' evidence—did not demand, a finding by the jury that Rufus G. Parker placed such improvements on the land after it had been given to him by his parents; that the cost of such improvements to him was $6,000; and that the value of such improvements was an amount in excess of the stipulated rental value of the property sued for. On this point the evidence, therefore, made an issue of fact which it was the province of the jury to settle.

5. For the reasons stated in the preceding divisions, the trial judge erred in directing a verdict in favor of the plaintiffs for the premises sued for and for mesne profits.

*Judgment reversed. All the Justices concur.*

SUBMITTED SEPTEMBER 9, 1958—DECIDED OCTOBER 10, 1958— REHEARING DENIED NOVEMBER 7, 1958.

*Brannon & Brannon,* for plaintiffs in error.
*Wheeler, Robinson & Thurmond, Raymond F. Schuder,* contra.