49920. PHARR ROAD INVESTMENT COMPANY v. SASSER & COMPANY.

PANNELL, Presiding Judge.

On October 28, 1969, National Computer Franchise Corporation leased office space from appellant for a five year term, with option to renew for a like period. The computer operations required the installation of additional, special air conditioning equipment to cool the equipment.

According to appellant's evidence, National Computer was to bear the entire cost of installing the air conditioning and related expenses. National Computer's Atlanta representative requested assistance of a Mr. Tatum, appellant's representative, in obtaining reliable local contractors for the purpose of installing the air conditioning, flooring for the computers and needed electrical work. This, Mr. Tatum did. National Computer then, on December 22, 1969, forwarded a $13,026 purchase order to appellee for the air conditioning it desired installed. National Computer was aware that it

was responsible for all construction costs. On January 30, 1970, appellee billed National Computer $8,500 for partial completion of the air conditioning and, on March 31, 1970, a "final" statement was rendered, followed by second and third billings on April 14, and May 27, 1970, respectively. Not receiving payment from National Computer, appellee filed a lien on the property July 24, 1970, and notified appellant of that fact.

Appellee's version of the transaction differs to the extent that the evidence shows that Mr. Tatum, appellant's agent, furnished the characteristics required for the air conditioning, pointed out the location for the installation and negotiated the price. Further, that of three estimates furnished by appellee on varying systems, Mr. Tatum selected the type to be installed and told appellee to proceed, it being common for such work to be arranged per oral instructions. Billings were only sent to National Computer because of appellant's request that this be done.

National Computer opened its offices about April 1, 1970, and vacated the premises shortly thereafter, leaving the air conditioning behind, and apparently ceased doing business under that name. Service of process was not obtained against National Computer and the case proceeded to trial against appellant. The complaint alleged an express contract in Count 1 and an implied contract in Count 2. Appellant's motion for a directed verdict made at the conclusion of the evidence was denied. Following an adverse jury verdict, appellant made motions for judgment notwithstanding the verdict and for a new trial, which were denied and this appeal followed. *Held:*

1. Appellant urges that the trial court erred in failing to grant its motion for a directed verdict at the conclusion of the evidence. We disagree. A directed verdict may only be granted: "where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict . . ." Ga. L. 1961, p. 216 (Code Ann. § 110-104). See also, Civil Practice Act § 50 (a) (Code Ann. § 81A-150 (a)). The evidence here was in conflict on a material issue. While appellant contends that the

contract to install the air conditioning was between National Computer and appellee, there was evidence that appellant's agent had conducted extensive negotiation for the installation of the air conditioning, had selected the type to be installed; had directed appellee to proceed with its installation and that appellee had relied on that oral direction in accordance with prior practice between the parties to install the air conditioner for appellee. Issues of fact thus were presented and were correctly submitted to the jury for its determination. See *Parker v. Parker,* 214 Ga. 509, 512 (105 SE2d 742).

2. Appellant next complains of errors by the trial court in overruling and denying the motions for judgment notwithstanding the verdict and for a new trial. Appellant's reliance on *Drawdy v. McVeigh,* 110 Ga. App. 329 (138 SE2d 477) is misplaced. The latter case holds essentially that a landlord may not be held liable for the improvements contracted for by his tenant and placed in the leased premises. In the case sub judice the jury found an implied contract between the landlord-appellant and the contractor-appellee. As indicated in Division 1, there is some evidence to support that finding and, hence, there is no merit to appellant's enumerations of error.

3. The remaining enumerations of error relating to alleged instructional error by the trial court is considered to be without merit.

*Judgment affirmed. Evans and Webb, JJ., concur.*

ARGUED NOVEMBER 6, 1974 — DECIDED JANUARY 6, 1975 — REHEARING DENIED JANUARY 27, 1975.

*Alex McLennan,* for appellant.
*Stokes, Boyd & Shapiro, Herman L. Fussell, Ira J. Smotherman, Jr.,* for appellee.