## 53274. BETSILL v. OVERHEAD DOOR COMPANY OF ATLANTA, INC.

McMURRAY, Judge.

Betsill and Benefield were co-owners of a warehouse which was being constructed. Under their verbal agreement construction of the warehouse was the responsibility of Benefield Construction Co., a sole proprietorship composed of Benefield. In December 1973, Benefield Construction Co. ordered four doors for the warehouse from plaintiff Overhead Door Co. of Atlanta, Inc.

In approximately May of 1974, Benefield began to neglect supervision of the construction of the warehouse. As a result, Betsill assumed the responsibility of getting the warehouse finished. After Betsill assumed responsibility for completion he contacted Overhead Door regarding the installation of the four warehouse doors. The doors were subsequently installed but Overhead Door was not paid and brought this suit on account against Betsill and against Benefield individually and doing business as Benefield Construction Co. Service of process was not made upon Benefield and he was voluntarily dismissed. The case was heard before the court as trier of fact without the intervention of a jury. Judgment was rendered against defendant as a successor contractor, and he appeals. *Held:*

During the presentation of plaintiff's case, defendant Betsill was called for the purpose of cross examination as the opposing party. He testified that after Benefield began neglecting the construction of the warehouse he assumed the responsibility of getting the warehouse finished; that he notified plaintiff that he wanted the doors previously ordered by Benefield Construction Co. delivered; and that he made arrangements with plaintiff regarding delivery of the doors. Plaintiff also presented other evidence that defendant contacted plaintiff after installation of the doors to complain of a fault, which was corrected. The evidence is sufficient to show that defendant assumed responsibility for completion of the warehouse, then contracted with plaintiff for the purpose and installation of the four warehouse doors. Therefore,

the court did not err in rendering judgment for plaintiff. This evidence having been presented before defendant's motion for directed verdict, there was no error in denying that motion, and the evidence was sufficient to support the judgment. *Kingston Development Co. v. Kenerly,* 132 Ga. App. 346 (1) (208 SE2d 118); *Balkcom v. Vickers,* 220 Ga. 345, 348 (138 SE2d 868); *Pharr Road Invest. Co. v. Sasser & Co.,* 133 Ga. App. 772 (1) (212 SE2d 857). This was not an assumption of the debts of another, but a separate agreement by defendant to pay for the doors and installation. Accordingly, the case of *Few v. Hilsman,* 18 Ga. App. 207 (89 SE 79), is not applicable.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

ARGUED JANUARY 18, 1977 — DECIDED MARCH 9, 1977.

*Johnston & McCarter, Stuart Neiman,* for appellant.
*Lazarus & Stokes, John H. Watson,* for appellee.