## 54950. QUILFO v. CREEL et al.

SHULMAN, Judge.

Plaintiff-appellee, Creel, brought suit against defendant-appellant, Mrs. Quilfo, to recover money allegedly owing for the installation of carpeting in appellant's home pursuant to a purported oral contract. Mrs. Quilfo denied the existence of any contract between herself and Creel and further asserted that the contract price had been paid to a general contractor supervising the renovation who has since absconded. At the instance of appellant, United Virginia Mortgage Corporation (UVM), the institution which approved an improvement loan on appellant's home, was impleaded. Appellant alleged that UVM failed to use reasonable diligence to protect appellant's interests in that UVM made disbursements from the improvement loan escrow account without first securing affidavits certifying work completion as required by the escrow agreement, that UVM's release of money to the general contractor without regard to whether bills for material and labor were paid

resulted in incumbrances on the property including the special lien sought in this action and that UVM is liable for damages. Cf. *Ins. Co. of N. A. v. Atlas Supply Co.,* 121 Ga. App. 1 (2) (172 SE2d 632) (defendant general contractor permitted to implead collecting bank for failure to secure proper endorsement; check issued to materialman and subcontractor as joint payees paid to subcontractor alone without joint endorsement). See generally, *Jackson's &c. Concrete Co. v. Industrial Tractor Parts Co.,* 139 Ga. App. 422 (228 SE2d 324) (liens are dissolved on production of affidavit of contractor at whose instance work was done or material furnished that contractor paid therefor).

The trial court sitting without a jury found against Mrs. Quilfo and in favor of Creel and UVM. This appeal follows.

1. Appellant urges that the trial court erred in finding the existence of a contract between herself and Creel.

There was sufficient evidence to authorize a finding that appellant selected carpeting from appellee's samples, that appellant assured appellee that he would be paid, that the carpet was satisfactorily installed, and that appellee has not been paid after demanding payment. There was also evidence that Creel never had any agreement with the general contractor concerning the installation of the carpeting.

"An appellate court will not disturb the fact findings of a judge sitting without a jury if there is any evidence to support them, unless they are clearly erroneous. Code Ann. § 81A-152 (a). [Cits.] Applying this standard to our review of the record and transcript, we find no cause for reversal of the trial court's findings." *Yalanzon v. Sharon Const. Co.,* 141 Ga. App. 294 (2) (233 SE2d 220).

2. The trial court found that all monies distributed pursuant to the home improvement loan escrow agreement were disbursed either at the direction of or directly to appellant and that loan funds had not been mishandled. Judgment was entered dismissing the third-party complaint against UVM because of failure to establish a valid claim under third-party practice (§ 81A-114 (b)). Appellant enumerates the judgment as

error.

We need not decide whether the manner of disbursement satisfied the escrow agreement, or whether, as UVM asserts, the affidavit provision could be waived by the mortgage company because the provision was for the benefit of the mortgage company, i.e., to insure the loan was used to increase the value of appellant's home. The trial court correctly declined to base its decision on these issues and their resolution must wait another day.

The trial court rejected Mrs. Quilfo's contention that Creel was a subcontractor and specifically held that a separate contract existed between Mrs. Quilfo and Creel regarding carpet installation. See generally, *Pharr Road Inv. Co. v. Sasser & Co.,* 133 Ga. App. 772 (212 SE2d 857). Therefore, even if the mortgage company had secured affidavits from the general contractor, those affidavits could not aid appellant regarding a claim for work which was not performed under the general contractor's agreement, but was performed pursuant to a separate and independent agreement with the owner. "[W]e do not have. . . a situation where the materialman furnished material to a contractor who did not complete his contract; but in this case the materialman furnished material to the owner of the property. . ." *Ogletree v. West Lumber Co.,* 208 Ga. 43, 45 (64 SE2d 894).

Since the evidence authorized the finding of a direct contract between appellee-materialman (Creel) and the owner of the property (appellant-Quilfo) and since the evidence also established that the escrow agreement was for the purpose of disbursing money pursuant to the home improvement contract with the general contractor, appellant Quilfo has not shown how the failure to secure affidavits harmed her as to her contract with appellant Creel. The facts as established did not satisfy the requisites of third-party practice, that the mortgage company "is or may be liable to [her] for all or part of the plaintiff's claim against [her]." Code Ann. § 81A-114 (a). Accordingly, the trial court's judgment dismissing the third-party complaint against UVM was proper.

3. Because of our holding in the above divisions that the judgment was both authorized by the evidence and proper, it is unnecessary to address the remaining

enumerations.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED JANUARY 16, 1978 — DECIDED JANUARY 31, 1978.

*Cohen, Mackin & Pollock, Dennis S. Mackin,* for appellant.

*Charley G. Morris, Nagle & Johnston, Howard H. Johnston,* for appellees.